EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| San Gerónimo Caribe Project, Inc.<br><br>     Peticionario<br><br>          vs.<br><br>Administración de Reglamentos y Permisos<br><br>     Recurrido | Certiorari<br><br>2008 TSPR 36<br><br>173 DPR \_\_\_\_ |

Número del Caso: CC-2008-132

Fecha: 28 de febrero de 2008

Tribunal de Apelaciones:

          Región Judicial de San Juan – Panel III

Juez Ponente:

          Hon. Zadette Bajandas Vélez

Oficina del Procurador General:
          Lcdo. Pedro J. Cabán Vales
          Lcdo. Luis José Torres Asencio
          Procurador General Auxiliar


Abogados de la Parte Peticionaria:
          Lcdo. Luis Sánchez Betances
          Lcdo. Adrián Sánchez Pagán
          Lcdo. José A. Cepeda Rodríguez
          Lcdo. José A. Cuevas Segarra

Abogados de Carmen J. Mascaró:
          Lcdo. Pedro J. Varela Fernández
          Lcda. Brenda Berríos Morales

Materia: Orden Emitida por la ARPE el 27 de diciembre de 2007, mediante la cual se deja sin efecto todos los permisos de construcción previamente concedidos a SGCP.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

San Gerónimo Caribe Project,
Inc.

    Peticionario

       v.                     CC-2008-132

Administración de Reglamentos
y Permisos

    Recurrido


RESOLUCIÓN

San Juan, Puerto Rico, a 28 de febrero de 2008

Atendida la petición de *Certiorari,* presentada por la parte peticionaria en el caso de epígrafe, se expide el auto solicitado. A los fines de atender con prontitud el recurso de epígrafe, se acortan los términos y se les concede a las partes un término improrrogable y simultáneo de catorce (14) días, contados a partir de la notificación de esta Resolución, para presentar sus alegatos.

Expida la Secretaria Mandamiento de Certiorari dirigido a la Secretaria del Tribunal de Apelaciones, Región Judicial de San Juan, para que a la brevedad posible remita a la Secretaría de este Tribunal los autos originales o una copia certificada de los mismos en el caso Núm. KLRA2008-00010 *San Gerónimo Caribe Project, Inc.* v. *Administración de Reglamentos y Permisos*, a que se refiere la petición presentada en este caso, a fin de revisar los procedimientos habidos en dicho tribunal y acordar lo que sea arreglado a derecho.

En torno a la solicitud de la peticionaria para dejar sin efecto la orden emitida por la Administración de Reglamentos y Permisos (ARPe) el 25 de febrero de 2008, extendiendo por un término adicional de sesenta días cierta orden de paralización de las obras de construcción que se efectúan en el proyecto conocido como Paseo Caribe,

es menester precisar algunos aspectos del tracto procesal de este caso y de la orden emitida por ARPe. En particular, debemos examinar cómo este caso y dicha orden, interrelacionan con la demanda presentada por la aquí peticionaria contra ARPe y otras entidades ante el Tribunal de Primera Instancia a los fines de dilucidar la titularidad de los terrenos donde ubica el proyecto que se construye. A esos efectos, tomamos conocimiento judicial del caso, *San Gerónimo Caribe Project, Inc.*, *First Bank of Puerto Rico Inc*. v. *Estado Libre Asociado, et al.,* Civil Núm. K2AC2007-2577.

El 27 de diciembre de 2007, ARPe emitió una resolución y orden suspendiendo los efectos de unos permisos de construcción previamente otorgados a la peticionaria y ordenó la paralización de las obras de construcción que se estuvieran efectuando en el proyecto. Conforme se desprende de la sentencia emitida por el Tribunal de Apelaciones en este caso, el proceso ante la agencia administrativa comenzó luego de que el Secretario de Justicia emitiera una Opinión sobre la titularidad de los terrenos donde ubica el proyecto y concluyera que alguna parte de los mismos eran de dominio público. En su Opinión, según indica el foro apelativo, el Secretario urgió de las agencias administrativas de permisología que iniciasen los procedimientos necesarios para revocar los permisos concedidos para implantar así "la nueva interpretación estatutaria que le llevó a esa conclusión."

La parte peticionaria de epígrafe acudió en revisión del proceso iniciado por ARPe y de la determinación tomada paralizando la construcción del proyecto y suspendiendo los permisos otorgados. El Tribunal de Apelaciones, el 6 de febrero de 2008, emitió una sentencia en la cual concluyó que el proceso seguido por ARPe violó el debido proceso de ley de la peticionaria, por lo que devolvió el caso al foro administrativo para que se llevara a cabo una vista administrativa donde se le garantizase el debido proceso de ley. El foro apelativo dejó vigente la orden de paralización emitida por ARPe. De esa determinación se acudió ante nosotros y en el día de hoy expedimos el auto solicitado.

Por otro lado, tomamos conocimiento judicial que el Tribunal de Primera Instancia emitió sentencia el 8 de febrero de 2008 en el caso *San Gerónimo Caribe Project, Inc.*, *First Bank of Puerto Rico Inc*. v. *Estado Libre Asociado, et al.,* Civil Núm. K2AC2007-2577, que había presentado la aquí peticionaria contra varias entidades gubernamentales incluyendo ARPe. En su sentencia, el tribunal de instancia resolvió que los terrenos en los que la peticionaria construye no son de dominio público, negando así validez a la Opinión del Secretario de Justicia que concluyó lo contrario, y que como dijimos, fue la base

para que ARPe iniciara su proceso de revisión de permisos y emitiera su orden de paralización. Tomamos conocimiento judicial además, de que el Estado no ha apelado, al día hoy, la sentencia dictada por el foro primario en el caso *San Gerónimo Caribe Project, Inc*., *First Bank of Puerto Rico Inc*. v. *Estado Libre Asociado, et al., supra.*

Estando pendiente ante nuestra consideración la solicitud de *certiorari* presentada por la peticionaria impugnando el procedimiento administrativo que culminó en la expedición de la orden de paralización en controversia, y vigente la sentencia del Tribunal de Primera Instancia --en un pleito en el que ARPe es parte-- dicha agencia extendió la paralización de las obras de construcción por un término adicional de sesenta días al entender que no existe una determinación final y firme sobre si los terrenos en controversia son de dominio público. Toda vez que la orden dictada por ARPe el 25 de febrero de 2008 contraviene el estado de derecho vigente, según dispuesto en la sentencia emitida por el Tribunal de Primera Instancia y, además de que la misma no ha sido apelada, dejamos sin efecto la orden de paralización dictada por ARPe el 25 de febrero de 2008.

Notifíquese vía facsímile y por teléfono.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Todos los Jueces intervienen por Regla de Necesidad. El Juez Asociado señor Rebollo López emite Opinión disidente. La Jueza Asociada señora Fiol Matta paralizaría la construcción en auxilio de nuestra jurisdicción hasta que este Tribunal resuelva el caso expedido.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

San Gerónimo Caribe Project,
Inc.

    Peticionarios

       vs.                CC-2008-132    CERTIORARI

Administración de Reglamentos
y Permisos

    Recurrida

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 28 de febrero de 2008

Disentimos de la Resolución emitida en el día de hoy por una mayoría de los integrantes del Tribunal ya que la acción tomada fundamentalmente se <u>limita</u> a la expedición del recurso de epígrafe, acción que --analizada a la luz de la totalidad de las circunstancias del caso-- <u>constituye un ejercicio en futilidad de este Tribunal</u>.

Ya es hora de que el máximo foro judicial del País deje de "arrastrar los pies" en el presente caso y tome la acción correcta y necesaria para resolver y/o propiciar la pronta solución del mismo; asunto que le ha hecho, y le

continúa haciendo, un grave daño económico al País en general y a unos ciudadanos en particular.

Debe quedar claro, sin embargo, que no estamos avalando, en estos momentos, posición alguna. Meramente sostenemos que el Tribunal no puede seguir fomentando la incertidumbre en esta situación. Los casos, después de todo, no pueden tener vida eterna en los tribunales. Carattini v. Collazo Syst. Analysis, Inc., 158 D.P.R. 345 (2003); Mun. de Arecibo v. Almacenes Yakima, 154 D.P.R. 217 (2001).

I

Realmente, no se puede enfatizar lo suficiente el hecho de que el caso de San Gerónimo Caribe Project, Inc., trata de dos controversias o litigios distintos, pero estrechamente vinculados entre sí.

En primer término, existe una controversia sobre la titularidad o dominio de los terrenos sobre los cuales se edificó el proyecto, asunto que recientemente fue objeto de una sentencia emitida por la Sala de San Juan del Tribunal de Primera Instancia, caso Civil Núm. K2AC-2007-577. En dicha sentencia el foro de instancia resolvió, en apretada síntesis, que dichos terrenos no eran de dominio público. El Estado, que tiene el término de sesenta (60) días para apelar dicha decisión ante el Tribunal de Apelaciones, nos ha informado en una reciente

comparecencia, que efectivamente se propone apelar la referida sentencia.

En _segundo_ lugar, existe otra controversia --independiente de la primera-- sobre si los permisos que otorgó la Administración de Reglamentos y Permisos (ARPE) a Paseo Caribe fueron otorgados correctamente o medió "error" en dicha otorgación. ARPE, basándose en una "opinión" emitida el 11 de diciembre de 2007 por el actual Secretario de Justicia a los efectos de que, cuando menos, parte de los terrenos sobre los cuales se edificó Paseo Caribe son de dominio público, determinó --nuevamente, en apretada síntesis-- que la referida "opinión" del Secretario era "vinculante u obligatoria" y que procedía decretar la paralización de la construcción del proyecto por un término de sesenta (60) días en lo que determinaba si hubo error en la otorgación de los permisos.

Paseo Caribe, prontamente, acudió ante el Tribunal de Apelaciones en revisión de dicha actuación. El foro apelativo intermedio dictó sentencia, resolviendo que, aun cuando era correcta la determinación de ARPE a los efectos de que era vinculante la "opinión" del Secretario de Justicia, procedía devolver el asunto ante dicha agencia para la celebración de una vista evidenciaria en la cual las partes deberán presentar prueba sobre la validez de los permisos.

Inconforme, Paseo Caribe acudió ante este Tribunal imputándole a ARPE haber incidido al determinar que la

opinión del Secretario era vinculante y, en consecuencia, ordenar la paralización de la obra.

## II

A nuestro juicio, la controversia principal o fundamental es la que versa sobre la titularidad o dominio de los terrenos en controversia. Dependiendo de lo que se determine, procede entonces evaluar la validez de los permisos. Si este Tribunal resuelve que los terrenos son de dominio público, ARPE tendría una determinación definitiva de que medió error en la otorgación de los permisos y podrá actuar conforme a ello. Por otro lado, si este Tribunal resuelve que los terrenos en controversia no son de dominio público, el asunto ante ARPE se limitaría a que se demuestre, en una vista evidenciaria, si medió fraude o error en el proceso de otorgación de los permisos.

¿De qué vale expedir el presente recurso sin tener ante nuestra consideración, coetáneamente, la primera controversia? ¿Para resolver qué? No existe duda de que la determinación del Tribunal de Apelaciones de devolver el caso a ARPE para la celebración de una vista evidenciaria es correcta. A Paseo Caribe no se le puede privar de su propiedad sin un debido proceso de ley. Por lo tanto, tiene que celebrarse una vista evidenciaria antes de proceder tan siquiera a considerarse la paralización del proyecto. Artículo II, Sec. 7, Constitución del E.L.A. y

Artículo 3.1 de la Ley de Procedimiento Admnistrativo Uniforme. Véase además: López Vives v. Policía, 118 D.P.R. 219 (1987); Rivera Rodríguez v. Lee Stowell, 133 D.P.R. 881 (1993).

Entonces, ¿qué queda por resolver en el presente recurso? ¿Acaso se ha expedido este recurso meramente para resolver que la "opinión" del Secretario de Justicia no es vinculante? Como dijo Don Quijote de la Mancha, "cosas raras veredes".

Es por ello que no alcanzamos a comprender por qué la Mayoría se ha negado, una y otra vez[1], a certificar el caso Civil Núm. K2AC-2007-577 y a resolver de forma final y definitiva si la decisión del tribunal de instancia --de que los terrenos no son de dominio público-- es correcta en derecho.

Ciertamente esto es lo procedente y lo conveniente desde un punto de vista procesal y pragmático, más cuando la Ley de la Judicatura nos faculta a considerar y resolver motu proprio cualquier asunto pendiente ante el Tribunal de Primera Instancia mediante auto de certificación.[2]

---

[1] San Gerónimo Caribe Project, Inc., ha solicitado la certificación del caso en dos ocasiones anteriores. En ambas instancias, hemos disentido de la posición mayoritaria de no certificar el mismo.

[2] Artículo 3.002(e) de la Ley de la Judicatura, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24s(e)

(e) Mediante auto de certificación, a ser expedido discrecionalmente, motu proprio, o a solicitud de

Hacer caso omiso de esta facultad promueve la dilación excesiva de la presente controversia. Si no resolvemos ahora, ¿cuánto tiempo transcurrirá antes de que el caso se presente ante nuestra consideración? Mientras tanto, los daños a las partes siguen en constante aumento. Esto es insostenible. ¿Quién pagará los daños y perjuicios que se han producido y que continúan produciéndose? La contestación es aterradora. Ciertamente, no serán los funcionarios públicos que han participado en este asunto, sino el pueblo de Puerto Rico.

Es por todo lo anteriormente expresado que disentimos.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

---

parte, podrá traer inmediatamente ante sí para considerar y resolver cualquier asunto pendiente ante el Tribunal de Primera Instancia o el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos.