ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| FRANKLIN CREDIT MANAGEMENT CORPORATION COMO AGENTE DE SERVICIO DE BOSCO IX OVERSEAS, LLC<br><br>APELANTES<br><br>V.<br><br>SUCESIÓN DE ADOLFO ENRIQUE MORALES AFANADOR T/C/C ADOLFO MORALES AFANADOR Y OTROS<br><br>APELADO | KLAN202300685 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2023CV00535<br><br>Sobre: Cobro de dinero-Ordinario y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Rivera Torres y la Jueza Rivera Pérez

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de septiembre de 2023.

Franklin Credit Management Corporation (apelante) comparece ante este Tribunal de Apelaciones como agente de servicio de Bosco IX Overseas, LLC. mediante el recurso de apelación de epígrafe en el que solicita la revocación de una sentencia dictada por el Tribunal de Primera Instancia. Mediante el referido dictamen, el foro recurrido desestimó sin perjuicio la demanda presentada por el apelante debido a que este no presentó prueba sobre el diligenciamiento de los emplazamientos.

Por los fundamentos a continuación, revocamos la *Sentencia* recurrida y devolvemos el caso para la continuación de los procedimientos de acuerdo con lo aquí dispuesto.

**I**

El 31 de enero de 2023, el apelante presentó una demanda en cobro de dinero y ejecución de hipoteca contra Rosario Maestre Vargas y la Sucesión de Adolfo Enrique Morales Afanador. Ese mismo día solicitó la

Número Identificador

SEN2023_____

expedición de los emplazamientos correspondientes, entre estos el emplazamiento por edicto a posibles herederos desconocidos. El 31 de enero de 2023, la Secretaría del Tribunal expidió los emplazamientos personales y el 6 de febrero de 2023 expidió los emplazamientos por edicto. Así las cosas, el 27 de junio de 2023, el Tribunal de Primera Instancia dictó sentencia mediante la cual desestimó la demanda sin perjuicio al haber transcurrido el término de 120 días desde la expedición de los emplazamientos sin que se evidenciara su diligenciamiento.

Disconforme, el apelante presentó una moción de reconsideración mediante la cual sostuvo que la codemandada Rosario Maestre Vargas fue emplazada e interpelada personalmente el 13 de abril de 2023 y se le entregó copia de estos a Carlos Vázquez, director del hogar de ancianos donde esta reside. Para demostrar el diligenciamiento anejó copia del emplazamiento y la declaración jurada del emplazador.[1] Por otro lado, sostuvo que el 20 de febrero de 2023, los posibles herederos desconocidos fueron emplazados mediante un edicto publicado en el periódico El Nuevo Día. Para demostrar dicha publicación incluyó la declaración jurada suscrita por un representante del diario.[2] Además, sostuvo que los codemandados desconocidos fueron notificados el 27 de febrero de 2023 al enviar copia de la demanda y el emplazamiento a su última dirección conocida mediante correo certificado con acuse de recibo. Demostró el cumplimiento de este requerimiento al incluir copia de los acuses de recibo provistos por el servicio postal.[3] Por consiguiente, sostuvo que los emplazamientos fueron diligenciados dentro del término dispuesto por las Reglas de Procedimiento Civil y, entre otras cosas, solicitó que el Tribunal de Primera Instancia dejara sin efecto la sentencia dictada.

No obstante, el foro de instancia emitió una *Resolución* en la que declaró no ha lugar la moción de reconsideración "por el tiempo transcurrido desde el diligenciamiento del emplazamiento sin que éste se

---

[1] Apéndice del Recurso de Apelación, a las págs. 54-59.
[2] *Id*. a las págs. 61-62.
[3] *Id*. a las págs. 63-67.

haya acreditado al Tribunal".[4] Ante este escenario, el apelante presentó otra moción de reconsideración en la que argumentó que el Tribunal de Primera Instancia cambió su razonamiento al determinar que la desestimación no fue por no haber diligenciado el emplazamiento sino por no haberlo acreditado. Sostuvo que conforme a las Reglas de Procedimiento Civil la validez de un emplazamiento no se afecta por no haber presentado prueba de su diligenciamiento. Además, enfatizó que la desestimación de la demanda es improcedente debido a que no incumplió orden alguna del Tribunal de Primera Instancia. Sin embargo, el foro de instancia dictó una resolución en la cual rechazó la reconsideración.

Inconforme, Franklin Credit Management Corp. presentó el recurso de apelación ante nuestra consideración. Específicamente sostiene que el Tribunal de Primera Instancia cometió los siguientes errores:

> Primer Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al desestimar la Demanda sin perjuicio alegando que no se evidenció su diligenciamiento en el término de 120 días en contravención a lo provisto en la Regla 4.3(c) de Procedimiento Civil.

> Segundo Señalamiento de Error: Erró el Honorable Tribunal de Primera Instancia al denegar la solicitud de reconsideración presentada, y reafirmarse en la *Sentencia* desestimatoria, fundamentándose en el alegado tiempo transcurrido desde el diligenciamiento del emplazamiento sin que éste haya sido acreditado al Tribunal, en contravención a lo dispuesto en la Regla 4.7 de Procedimiento Civil, que establece que la omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez.

El 11 de agosto de 2023 emitimos resolución en la cual concedimos término a la parte apelada para presentar su alegato. Transcurrido dicho término sin su comparecencia, nos encontramos en posición para adjudicar el recurso de autos.

**II**

El emplazamiento es el mecanismo por el cual se notifica al demandado sobre la existencia de una demanda presentada en su contra y a través del cual el tribunal adquiere jurisdicción sobre su persona. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Mediante esta

---

[4] *Id*. a la pág. 150.

notificación se le llama al demandado a que ejerza su derecho a ser oído y a defenderse. *Id.* Las Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). Sin embargo, el método idóneo es el emplazamiento personal puesto que el uso de edictos procede por excepción y en circunstancias específicas. *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1005 (2021).

La parte demandante cuenta con el término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento personal. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 649 (2018). La Regla 4.3(c) de Procedimiento Civil, 32 LPRA Ap. V, dispone que "[t]ranscurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio". Dicho término comienza a transcurrir desde que se expide el emplazamiento por la secretaría del tribunal. Sin embargo, cuando se trata del emplazamiento por edicto dicho término se prorroga tácitamente puesto que se trata de un nuevo emplazamiento distinto al personal que se expide al inicio junto a la presentación de la demanda. *Sánchez Ruiz v. Higuera Pérez*, *supra,* en la pág. 994.

Conforme a la Regla 4.7 de Procedimiento Civil, *supra*, la persona que diligencie un emplazamiento tiene el deber de presentar prueba al Tribunal para demostrar que fue gestionado a tiempo. Cuando lo diligencie una persona particular, deberá presentar una declaración jurada. *Id.* En cambio, si fuera por edicto, se demostrará su publicación mediante declaración jurada de un administrador o agente del periódico, acompañado por una copia del edicto publicado y un escrito que certifique que se depositó en el correo una copia del emplazamiento y la demanda. Pertinente a este caso, esta disposición establece que "[l]a omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez". *Id.*

Por otro lado, la Regla 39.2 de Procedimiento Civil, *supra*, rige la desestimación de acciones en las que la parte demandante "deja de cumplir con estas reglas o con cualquier orden del tribunal". No obstante, "la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder". *Id*. Ante la falta de respuesta del representante legal, procede imponer sanciones directamente a este y se le notificará directamente a la parte. *Id*. Véase *Mejías v. Carrasquillo*, 185 DPR 297 (2012). Es en esta ocasión, luego de apercibir a la parte sobre las consecuencias del incumplimiento, que el tribunal puede ordenar la desestimación o eliminación de las alegaciones. Por consiguiente, la desestimación es improcedente como sanción ante el primer incumplimiento a las reglas u órdenes del tribunal. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 222 (2001). Nuestro ordenamiento jurídico favorece enfáticamente que los casos se ventilen en sus méritos. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 591 (2011).

**III**

Nos corresponde determinar si el Tribunal de Primera Instancia erró al desestimar la acción del apelante ante su falta de acreditación conforme a la Regla 4.7 de Procedimiento Civil, *supra*. Según previamente discutido, una parte demandante tiene ciento veinte (120) días para diligenciar el emplazamiento. Dicho término comienza a transcurrir una vez la Secretaría lo expide. Sin embargo, cuando se trata del diligenciamiento por edictos dicho término comienza a transcurrir desde el inicio, debido a que constituye un nuevo emplazamiento distinto al personal. Independientemente del tipo de emplazamiento, la parte demandante tiene el deber de informar al tribunal sobre su diligenciamiento oportuno, puesto que se trata de un término improrrogable el cual una vez cumplido obliga a la desestimación de la causa. Sin embargo, según reconoce expresamente

la Regla 4.7, *supra*, **la falta de notificación al tribunal no invalida el diligenciamiento**.

En este caso, los emplazamientos personales fueron expedidos el mismo día de la presentación de la demanda el 31 de enero de 2023. Debido a que el apelante desconocía la identidad de los herederos de Adolfo Enrique Morales Afanador le solicitó al tribunal que autorizara el emplazamiento por edicto. Por consiguiente, el 6 de febrero de 2023 la secretaría expidió el emplazamiento por edicto. Según surge del expediente ante nuestra consideración los emplazamientos, personales y por edicto, fueron diligenciados oportunamente dentro del término improrrogable correspondiente.

Específicamente, la codemandada Rosario Maestre Vargas fue emplazada mediante el diligenciamiento personal el 13 de abril de 2023; a setenta y dos (72) días de su expedición. Por otro lado, los codemandados desconocidos fueron emplazados mediante la publicación de un edicto en el diario El Nuevo Día el 20 de febrero de 2023; a catorce (14) días de su expedición. Además, estos fueron notificados el 27 de febrero de 2023 al enviarle copia de la demanda y el emplazamiento por edicto en cumplimiento con la Regla 4.6 de Procedimiento Civil, *supra*.

Contrario a lo determinado originalmente por el Tribunal de Primera Instancia, los emplazamientos fueron diligenciados dentro del término de ciento veinte (120) días dispuesto en las Reglas de Procedimiento Civil. Sin embargo, el apelante no presentó prueba al Tribunal sobre el diligenciamiento de estos. El foro de instancia desestimó la causa, puesto que a su entender había transcurrido el término por lo cual procedía la desestimación sin perjuicio. Ante la moción de reconsideración, el Tribunal de Primera Instancia dictó resolución mediante la que dispuso que procedía la desestimación por el tiempo transcurrido sin haber acreditado el diligenciamiento. Sin embargo, erró el foro de instancia al invalidar el diligenciamiento oportuno de los emplazamientos por el mero hecho de la omisión del apelante en notificar al tribunal.

Según antes esbozado, si bien procede la desestimación ante el incumplimiento con las Reglas, esta sanción severa es improcedente cuando se trata de un primer incumplimiento. Regla 39.2 de Procedimiento Civil, *supra*. El Tribunal Supremo ha reconocido consecuentemente a los efectos de que se favorece que los casos se ventilen en sus méritos. *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 701 (2020). Por lo cual, la desestimación como sanción prevalece exclusivamente en situaciones extremas, las cuales no se encuentran presentes en el caso de epígrafe. Lo cierto es que la parte apelante, tras el diligenciamiento no efectuó trámite alguno hasta que el foro apelado desestimó su causa. Sin embargo, del expediente no surge que el tribunal hubiese mediado orden o apercibimiento alguno.

Por tanto, resulta evidente que el Tribunal de Primera Instancia erró al invalidar el emplazamiento oportunamente diligenciado contrario a la Regla 4.7 de las Reglas de Procedimiento Civil. En consecuencia, procede revocar la *Sentencia* apelada, por ser contraria a derecho.

**IV**

Por los fundamentos anteriores, revocamos la *Sentencia* emitida el 23 de junio de 2023, notificada el 27 de junio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual desestimó sin perjuicio la demanda del apelante. Devolvemos el caso para la continuación de los procedimientos, cónsono con lo dispuesto.

**Notifíquese.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones