Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| SUCN. PASCUAL MARTÍNEZ PADRÓ<br><br>Apelada<br><br>v.<br><br>SUCN. ANA MARÍA SEPÚLVEDA PEREA<br><br>Apelante | KLAN202400485 | Apelación Procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Núm.:<br>ISCI201600932<br><br>Sobre:<br>Partición de Herencia |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 3 de julio de 2024.

El 10 de mayo de este año, la Sucesión de Ana María Sepúlveda Perea (en adelante, la parte apelante), compareció ante este Tribunal de Apelaciones mediante *Apelación Civil* y nos solicitó la revocación de la *Sentencia* emitida y notificada el día 23 de febrero de 2024 por el Tribunal de Primer Instancia, Sala Superior de Mayagüez (en adelante, TPI o foro primario). Por virtud del aludido dictamen, el TPI desestimó sin perjuicio la *Demanda* de epígrafe.

Ante la sentencia emitida, la parte apelante sometió oportunamente una *Solicitud de Reconsideración*. La misma, fue denegada mediante *Resolución* del 11 de abril del año en curso, notificada el día 12.

Evaluado el legajo apelativo y repasada la normativa aplicable a la controversia, desestimamos el recurso por prematuro.

**-I-**

El 26 de agosto de 2016, la Sucesión de Pascual Martínez Padró, compuesta por Pascuala Herminia Martínez y otros nombres conocidos (en adelante, la parte apelada), presentó una *Demanda* sobre partición de

herencia, contra la Sucesión de Ana María Sepúlveda Perea, compuesta por Ana Ivette Babilonia Sepúlveda, Carlos Babilonia Sepúlveda, Carlos Babilonia Sepúlveda y Jeannie Babilonia Sepúlveda, entre otros. Según allí se alegó, la parte apelada es la única y universal heredera de Don Pascual Martínez Padró, quien al momento de su deceso estaba casado con Ana María Sepúlveda Perea. Esta última, se indicó que, a su vez, falleció posteriormente. Además, se expuso que ambos causantes eran dueños del siguiente inmueble:

> RUSTICA: Solar marcado con el número veintitrés (23) con un área superficial de ciento ochenta y cuatro metros cuadrados con catorce céntimas de otro (184.14) radicado en el barrio Sábalos del término municipal de Mayagüez, Puerto Rico y colinda por el NORTE, con la Avenida Cristy: al SUR, con el solar número veinticuatro (24), adjudicado a María Cristina Acosta y Suria, Viuda de Arroyo; al ESTE, con el solar número veinticinco (25) adjudicado a María Suria Viuda de Arroyo y por el OESTE, con el solar número veintiuno (21) adjudicado a María Cristina Acosta y Suria Viuda de Arroyo. Contiene una casa de cemento techada de cemento, con balcón, que mide treinta y nueve pies y seis pulgadas de fondo, incluyendo balcón, por veintidós pies y ocho pulgadas de frente. Consta de tres cuartos dormitorios, sala, comedor, cocina y un baño.

> Inscrita al folio setenta y dos (72) del tomo quinientos ochenta y seis (586) de Mayagüez, finca dieciséis mil doscientos uno (16.201), Registro de la Propiedad, Sección de Mayagüez.

La parte apelada alegó que los demandados poseían y disfrutaban de los bienes y las rentas de los activos de la herencia sin su consentimiento y sin rendirle cuentas. Por ello, aseveró que estos le adeudaban solidaria y mancomunadamente la porción que le correspondía de las rentas y beneficios del bien, desde el fallecimiento de su padre hasta la liquidación de la comunidad hereditaria.[1]

Según el expediente, al contestar la demanda el 15 de marzo de 2017, el Sr. Carlos Babilonio Sepúlveda (en adelante, el apelante) aceptó la mayoría de las alegaciones. No obstante, negó disfrutar de los bienes y la renta sin el consentimiento de la parte apelada y el adeudar cantidad alguna. En tal ocasión, y contra la parte apelada, el apelante instó una

---

[1] Surge de la sentencia apelada que el 23 de mayo de 2022, el TPI autorizó que esta parte fuera sustituida por Martín y Anthony Laster.

*Reconvención* en la que alegó haber invertido aproximadamente $15,000.00 en el arreglo de la propiedad objeto del litigio; que la parte apelada le adeudaba sobre tal cantidad su porción participativa de la herencia, pues esta no se encontraba en condiciones habitables. Por ello, si bien aceptó que procedía la liquidación de la comunidad hereditaria, reclamó a su favor y contra la parte apelada el cobro de tal suma, o en la alternativa, un crédito a su favor por el dinero invertido.

Posteriormente en el pleito, el TPI dictó la *Sentencia* apelada. Esta dispuso como a continuación se transcribe:

> El 12 de abril de 2022 el representante legal de la parte demandante, el Lcdo. Carlos M. Vergas Muñiz presentó "Moción de renuncia de representación legal" y este Tribunal declaró con lugar la misma y concedió a la parte demandante 30 días para anunciar nueva representación legal.
>
> El 23 de mayo de 2022 este Tribunal autorizó la sustitución de parte demandante por la Sucesión de Pascuala Herminia Martínez compuesta por Martin Laster y Anthony Laster notificando nuestra determinación a sus direcciones de récord.
>
> Posteriormente, examinado el expediente por término vencido, el 5 de octubre de 2022 y notificada el 14 de octubre de 2022, este Tribunal emitió orden concediendo a los demandantes 20 días finales para anunciar nueva representación legal y apercibiéndoles que de no anunciar representación legal los procedimientos continuarían.
>
> Transcurrido el término concedido, este Tribunal, el 3 de enero de 2023, emitió Resolución y Orden concediendo a los demandantes nuevo término de 20 días para cumplir con las órdenes emitidas so pena de sanciones económicas y/o la desestimación de la acción. Cabe destacar que ninguna de la correspondencia enviada ha resultado devuelta al Tribunal.
>
> El 8 de junio de 2023 y notificado el 13 de junio de 2023, este Tribunal emitió Orden para Mostrar Causa a los demandantes y se le apercibió que el incumplimiento a la orden conllevaría la desestimación de la acción.
>
> Examinado el expediente judicial y ante los innumerables incumplimientos con las órdenes emitidas, este Tribunal Desestima Sin Perjuicio, la presente causa de acción al amparo de la Regla 39.2 de Procedimiento Civil.

El apelante solicitó la reconsideración de este dictamen. Al así hacerlo, señaló que al contestar la demanda instó una reconvención y que era su deseo el que se liquidara la comunidad hereditaria existente entre las partes. Igualmente, aseveró que el pleito se encontraba en una etapa

adelantada y sostenerse en la desestimación decretada ocasionaría el que tenga que instar un pleito independiente que comenzaría desde cero, castigándole innecesariamente cuando el retraso del pleito se debía única y exclusivamente a la parte apelada.

El 11 de abril de 2024, notificada al día siguiente, el foro primario emitió *Resolución* en la que determinó "No Ha Lugar a la reconsideración". Inconforme, el apelado acudió ante nos mediante el recurso de epígrafe atribuyéndole al TPI equivocarse al:

> […] desestimar la demanda e implícitamente la *Reconvención* del caso sin tomar en consideración que existía una *Reconvención* y una aceptación de los apelantes de que querían dividir la herencia por los incumplimientos sin apercibir a la demandada conforme a la Regla 39.2(b) de Procedimiento Civil de la par[t]e demandante afectando el derecho de los demandados a terminar la comunidad hereditaria.

> […] desestimar demanda toda vez que al mismo tiempo está desestimando la *Reconvención* y estaría obligando a la parte demandada a incurrir en gastos excesivos para al final el resultado sea la división de comunidad hereditaria lo cual es el mismo resultado que tendría este caso que se encuentra en una etapa adelantada.

> […] desestimar la demanda y a su vez la *Reconvención* y no aceptar que se eliminen las alegaciones de la demanda y señalar el juicio en su fondo ya que sería la manera más justa, fácil y económica de disponer del caso.

Atendido el recurso, el 29 de mayo de 2024, notificada al día siguiente, concedimos a la parte apelada treinta (30) días para presentar su posición. Expirado el plazo concedido, no ha comparecido. Por consiguiente, damos por sometido el asunto sin el beneficio de su comparecencia y resolvemos.

**-II-**

Las Reglas de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, contienen varias disposiciones que facultan a los tribunales para desestimar causas de acción. Entre estas, se encuentra la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. La mencionada regla autoriza a los tribunales a imponer sanciones económicas a las partes, así como a desestimar una

demanda o eliminar las alegaciones cuando se incumple con las Reglas de Procedimiento Civil o con cualquier orden emitida por el tribunal o cuando hay presente otros escenarios allí contemplados. A tales efectos, la regla establece:

(a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o a la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

(b) El tribunal ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.

(c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular parte indispensable, tienen el efecto de una adjudicación en los méritos.

Del lenguaje de la discutida regla puede apreciarse que esta exige, que previo a la imposición de una sanción como la eliminación de las alegaciones, se notifique y aperciba directamente a la parte, ya sea la parte demandante o la parte demandada. HRS Erase v. CMT, 205 DPR 689 (2020), citando a José A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da ed., San Juan, Pubs., JST, 2011, T. III, pág. 1015 (2017). Esto es así, ya que nuestro ordenamiento jurídico favorece que los casos se ventilen en sus méritos. Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 591 (2011). Si tal advertencia no produce resultados, entonces "procederá la desestimación de la demanda o la eliminación de las alegaciones, luego de que la parte haya sido debidamente informada y apercibida de las consecuencias que puede acarrear el incumplimiento. Mejías et al v. Carrasquillo et al., 185 DPR 288, 297 (2012). Sobre este asunto, nuestro Tribunal Supremo ha destacado que la desestimación de un caso como sanción prevalecerá únicamente en situaciones extremas en las que quedó demostrado clara e inequívocamente, la desatención y el abandono total de la parte con interés. Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222 (2001).

-III-

Con miras a impugnar la *Sentencia* emitida en el caso, en la discusión conjunta de sus tres señalamientos de error el apelante expone que todas las órdenes emitidas por el tribunal en el pleito fueron dirigidas a la parte apelada e incumplidas por dicha parte. Por esta razón, afirma que el TPI actuó en contra de las disposiciones de la Regla 39.2(b) de Procedimiento Civil, puesto que, al desestimar el caso también desestimó su reconvención, sin un apercibimiento previo dirigido a su persona, ni la imposición previa de sanciones económicas.[2]

---

[2] Aclaramos que la desestimación efectuada en el pleito respondió a la situación contemplada en el primer inciso de la Regla 39.2, entiéndase por incumplimiento de órdenes emitidas y no por inactividad; la situación que contempla el citado inciso (b).

Hemos realizado un examen minucioso y pausado del legajo apelativo, los documentos que en este incluyó el apelante, así como de la *Sentencia*. Asimismo, hemos sopesado los argumentos levantados por él en su recurso. Realizado este ejercicio, concluimos que la desestimación decretada en la causa de epígrafe está autorizada por nuestras Reglas de Procedimiento Civil. La sentencia apelada señala las distintas ocasiones en las que el foro primario le ordenó a la parte apelada a comparecer y le apercibió de las consecuencias que su incomparecencia tendría para con su reclamación. Estas acciones, descansaron en las disposiciones del inciso (a) de la Regla 39.2 de Procedimiento Civil, *supra*.

Ahora bien, aunque la desestimación de la reclamación de la parte apelada decretada por el tribunal es una autorizada, las circunstancias particulares del pleito causan que el dictamen emitido constituya una resolución interlocutoria y no una sentencia. La razón de ello es simple: **mediante su sentencia, el tribunal no dispuso de la totalidad del pleito puesto que no resolvió la reconvención interpuesta por el apelante**. En esta, además de exigir la liquidación de la comunidad hereditaria, reclamó a su favor y contra la parte apelada, la proporción de los gastos que a estos le toca de aquel dinero que ha incurrido en el mantenimiento de la propiedad objeto de controversia.[3]

Por consiguiente, la *Sentencia* dictada por el foro primario adolece de la finalidad necesaria para que se activen los términos aplicables a los remedios post sentencias disponibles por nuestro ordenamiento jurídico. Como resultado, el dictamen apelado constituye una resolución interlocutoria revisable únicamente por medio del recurso de *certiorari*,

---

[3] Adviértase que la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V R. 42.1, define sentencia como cualquier determinación del TPI que resuelve finalmente la cuestión litigiosa. De igual manera, debe notarse que, según nuestro ordenamiento procesal, cuando un pleito comprende más de una reclamación, entre otras razones por razón de una reconvención, podrá dictarse sentencia final en cuanto a una o más de las reclamaciones sin disponer de la totalidad del pleito, siempre que expresamente se concluya que no existe razón para posponer el que se dicte sentencia hasta la resolución total del pleito. Regla 42.3 de Procedimiento Civil, (cita omitida).

regulado por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V R. 52.1. Debido a ello y el estado procesal en que se encuentra el dictamen, el recurso presentado resulta prematuro, procediendo su desestimación por falta de jurisdicción.

Debido a lo anterior, devolvemos el asunto a la atención del TPI para que disponga de la totalidad de las reclamaciones o dicte sentencia parcial de conformidad con la Regla 42.3 de las de Procedimiento Civil, *supra,* de forma tal que pueda resolverle el pleito en su totalidad y los términos disponibles para los remedios post sentencia puedan activarse.

IV

Por los fundamentos antes expuestos, desestimamos el recurso de apelación de epígrafe por falta de jurisdicción al ser uno prematuro. Asimismo, devolvemos el asunto a la atención del Tribunal de Primera Instancia para que disponga de la totalidad de las reclamaciones o dicte sentencia parcial de conformidad con la Regla 42.3 de las de Procedimiento Civil, *supra,* de forma tal que pueda resolverle el pleito en su totalidad y los términos disponibles para los remedios post sentencia puedan activarse.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones