EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Municipio de Arecibo<br>    Peticionario<br><br>        v.<br><br>Almacenes Yakima del Atlántico, Inc., H/N/C Topeka<br>    Recurrido<br><br>        v.<br><br>Corp. de Desarrollo Económico del Atlántico de Arecibo, C.D.,<br>Representada por su Presidente,<br>Luis Roberto Raíces Reyes | Certiorari<br><br>2001 TSPR 79 |

Número del Caso: CC-2001-132

Fecha: 6/junio/2001

Tribunal de Circuito de Apelaciones:

        Circuito Regional III

Juez Ponente:

        Hon. Jorge L. Escribano Medina

Abogado de Parte Peticionaria:

        Lcdo.  David Negrón Rivera

Abogado de la Parte Recurrida:

        Lcdo. Edgardo L. Rivera Rivera

Materia: Incumplimiento de Contrato y Cobro de Dinero

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN El TRIBUNAL SUPREMO DE PUERTO RICO

Mun. de Arecibo

     Peticionario

        v.

Almacenes Yakima del Atlántico, Inc.,
H/N/C Topeka

     Recurrido

        v.                            CC-2001-132

Corp. de Desarrollo Económico
Del Atlántico de Arecibo, C.D.,
Representada por su Presidente,
Luis Roberto Raíces Reyes

     Tercero Demandado

PER CURIAM

San Juan, Puerto Rico a 6 de junio de 2001

    El 30 de agosto de 1996, el peticionario, Municipio de Arecibo (en adelante Municipio), presentó una demanda por incumplimiento de contrato y cobro de dinero contra Almacenes Yakima del Atlántico Inc. H/N/C Topeka (en adelante Yakima). Las reclamaciones del Municipio se fundamentaron en su alegada capacidad como cesionario de los derechos del arrendador de un contrato de arrendamiento suscrito por la Corporación de Desarrollo Económico del Atlántico Inc. (en adelante CODEA) como arrendador y Yakima como arrendatario. Yakima, por su parte, presentó una demanda de tercero contra CODEA y posteriormente radicó una moción de sentencia sumaria solicitando la desestimación de la acción incoada por el Municipio. Este último se opuso a la desestimación y a su vez solicitó que se dictara sentencia sumaria a su favor.

    El 10 de julio de 1998, el Tribunal de Primera Instancia, Sala Superior de Arecibo, declaró con lugar la solicitud de sentencia sumaria presentada por el Municipio y desestimó la demanda de tercero incoada contra CODEA.

    Inconforme, Yakima acudió al Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). Éste, mediante dictamen de 7 de diciembre de 1998 y notificado el 9 de diciembre, revocó la sentencia sumaria dictada por el foro de instancia y le ordenó la celebración de una vista. El mandato del foro apelativo fue remitido al tribunal de instancia el 26 de mayo de 1999.

    A partir de ese momento, no hubo trámites procesales hasta el 22 de febrero de 2000, fecha en la cual Yakima presentó una moción de desestimación al amparo de la Regla 39.2(b)

de Procedimiento Civil, 32 L.P.R.A. Ap. III. Como único fundamento alegó que desde el 9 de diciembre de 1998, fecha de la notificación del archivo en autos de la sentencia Tribunal de Circuito, hasta el 22 de febrero de 2000, transcurrieron catorce (14) meses de inactividad procesal en el caso sin que mediare justificación para ello.

Por su parte, el Municipio se opuso a la solicitud de desestimación alegando que, contrario a lo expresado por Yakima, el término de inactividad comenzó a transcurrir desde el 26 de mayo de 1999, fecha en la que el mandato del Tribunal de Circuito fue devuelto al Tribunal de Primera Instancia, y aunque el tiempo transcurrido sobrepasó los seis (6) meses contemplados por la Regla 39.2(b) de Procedimiento Civil, el mismo no era excesivo. Señaló, además, que el Juez a cargo del caso fue trasladado a otra Sala fuera de Arecibo, lo cual, a su entender, afectó la tramitación del caso. También, adujo, que el tiempo transcurrido en el caso más que afectar a Yakima lo ha beneficiado ya que éste ha continuado ocupando las facilidades municipales sin pagar el canon mensual pactado. Finalmente, expresó, que al momento en que se emitió la sentencia sumaria que fuera revocada, el caso estaba listo para juicio.

El tribunal de instancia celebró una vista en la que se discutió la solicitud de desestimación. En dicha audiencia, la representación legal del Municipio añadió a sus razones para justificar la inactividad, el que existieron ciertas desavenencias con su cliente. El 23 de junio de 2000, el tribunal de instancia declaró con lugar la desestimación y ordenó el archivo con perjuicio de la demanda incoada.

El Municipio, inconforme, acudió al Tribunal de Circuito y el 12 de diciembre de 2000, una mayoría de éste confirmó el dictamen del tribunal de instancia.[1] En consecuencia, el Municipio acudió ante nos y alegó como único error lo siguiente:

> Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar la sentencia del Tribunal de Instancia desestimando la demanda al amparo de la Regla 39.2 de Procedimiento Civil vigente, constituyendo la misma la más drástica sanción, la que no se justifica bajo las circunstancias particulares del caso y del derecho aplicable, debiendo haber emitido, si procedía una sanción económica y no existiendo perjuicio para el recurrido.

Mediante resolución de 23 de marzo de 2001, le concedimos a Yakima un plazo de veinte (20) días para que mostrara causa por la cual no debíamos expedir la petición de certiorari presentada por el Muncipio. Yakima compareció y, con el beneficio de su escrito, procedemos a resolver según lo intimado.[2]

I

---

[1] El Hon. Ismael Colón Birriel emitió un voto disidente en el cual expresó que el foro de instancia fue negligente al no señalar el caso para vista en su fondo conforme el mandato del tribunal apelativo.

[2] En el escrito respondiendo a la orden de mostrar causa Yakima presentó como segundo argumento para que este Tribunal no expida el auto el que el Municipio carece de legitimación activa para promover la acción de cobro

A través de nuestra jurisprudencia hemos resuelto que "[a]l interpretar las Reglas de Procedimiento Civil hay que tener presente, como principio rector, que éstas no tienen vida propia y sólo existen para viabilizar la consecución del derecho sustantivo de las partes. Para lograr impartir justicia al resolver los reclamos de las partes, el tribunal deberá hacer un balance equitativo entre los intereses en conflicto ejerciendo especial cuidado al interpretar las reglas procesales para que éstas garanticen una solución **justa, rápida y económica** de la controversia." (Énfasis en el original.) <u>Dávila</u> v. <u>Hosp. San Miguel, Inc.</u>, 117 D.P.R. 807, 816 (1986). Véase, además, Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

En nuestra ordenamiento jurídico se favorece el que los casos se ventilen en sus méritos. <u>Rivera et al.</u> v. <u>Superior Pkg., Inc. et al</u>, 132 D.P.R. 115, 124 (1992). Sin embargo, esto no significa que una parte adquiera el derecho a que su caso tenga vida eterna en los tribunales manteniendo a la otra parte en un estado de incertidumbre, sin más excusa para su falta de diligencia e interés en la tramitación del mismo que una escueta referencia a circunstancias especiales. <u>Dávila</u> v. <u>Hospital San Miguel, Inc.</u>, supra. Es por ello que la Regla 39.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, provee para la desestimación de una acción civil pendiente en la que no se hubiera efectuado trámite alguno por las partes durante un término de seis (6) meses. Sobre el particular, en lo aquí pertinente, ésta dispone lo siguiente:

> El juez administrador ordenará la desestimación y archivo de todos los asuntos civiles pendientes en los cuales no se hubiere efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

> El juez administrador dictará una orden en todos dichos asuntos, requiriendo a las partes para que, dentro del término de diez (10) días de su notificación por el secretario, expongan por escrito las razones por la cuales no deban desestimarse y archivarse los mismos.

No obstante a lo antes citado, también hemos resuelto que la desestimación de un caso como sanción, debe prevalecer únicamente en situaciones extremas en las cuales **haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés y "después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento."** <u>Ramírez de Arellano</u> v. <u>Srio. de Hacienda</u>, 85 D.P.R. 823, 829-830 (1962). Véanse, además, <u>Acevedo</u> v. <u>Compañía Telefónica de P.R.</u>, 102 D.P.R. 787, 791-792 (1974); <u>Arce</u> v. <u>Club Gallístico de San Juan</u>, 105 D.P.R. 305, 307-308 (1976); <u>Garriga Gordils</u> v. <u>Maldonado Colón</u>, 109 D.P.R. 817, 822-823 (1980).

Así pues, planteada una situación que amerita sanciones, el tribunal debe, en primera instancia, imponer las mismas al abogado de la parte. Si dicha acción

---

e incumplimiento de contrato. Esta controversia no se encuentra ante nuestra

disciplinaria no surte efectos positivos, procederá la imposición severa de la desestimación de la demanda o eliminación de las alegaciones **únicamente después que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida**. Maldonado v. Srio. de Rec. Naturales, 113 D.P.R. 494, 498 (1982) y Lluch v. España Service Sta., 117 D.P.R. 729 (1986).

Finalmente, una vez la partes expongan las razones por las cuales no se deba desestimar el caso, el tribunal debe balancear los intereses involucrados: "`de un lado, la necesidad del tribunal de supervisar su calendario, el interés público en la resolución expedita de los casos y [más importante aún] **el riesgo de p[er]juicio al demandado por la dilación;... por lo que... de no demostrarse p[er]juicio verdadero con la dilación es irrazonable ordenar el archivo**.´" Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674-675 (1989).

Con lo anterior en mente, procedemos a dilucidar el asunto que hoy nos ocupa.

II

En la vista celebrada por el foro de instancia en la cual fue dilucidada la Moción de Yakima solicitando la desestimación de la acción a tenor con la Regla 39.2(b) de Procedimiento Civil, supra, la representación legal del Municipio adujo como razones para evitar la desestimación de su caso que: el Juez asignado había sido trasladado a otra Sala fuera de Arecibo por lo que dicho suceso había afectado la tramitación del caso; existieron ciertas desavenencias con su cliente; aunque había transcurrido nueve (9) meses de inacción, el término no era excesivo y que más que perjudicarle había beneficiado a Yakima y; el caso estaba listo para juicio. Yakima, por su parte, sólo planteó que había transcurrido un período de inactividad de catorce (14) meses sin que mediare justificación para ello. Sin embargo, no adujo si dicha inactividad le hubiese causado algún perjuicio.

Aquilatados los argumentos de los representantes legales de ambas partes, el foro de instancia desestimó la acción del Municipio con perjuicio. Por su parte, el Tribunal de Circuito confirmó el dictamen. Señaló que no existía razón alguna por la cual debía intervenir con la discreción de instancia. Como fundamento adicional expresó que no existía razón para sancionar, como remedio previo, a la representación legal del Municipio ya que del escrito de apelación no surgía que el Municipio no estuviese informado de los trámites rutinarios. Erró el Tribunal de Circuito al así resolver. Veamos.

Como ya expresáramos, la razón principal para no imponer sanciones drásticas al cliente es que "[d]e ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios." Ramírez de Arellano v. Srio. de Hacienda, supra, pág. 830. Esta es precisamente la situación en el caso de autos. A pesar de lo expresado por el

consideración. Por consiguiente, no intervendremos con dicho asunto.

Tribunal de Circuito en su sentencia, ni del escrito de apelación presentado por el representante legal del Municipio ni de los demás documentos que obran en autos, surge evidencia fehaciente de que el Municipio estuviese enterado de la solicitud de Yakima para desestimar su acción por inacción. Tampoco surge el que el foro de instancia lo hubiese apercibido de dicha situación.

Ante lo anterior y conforme a lo establecido por nuestra jurisprudencia, si el foro de instancia entendió que no hubo razones válidas que justificaran la inactividad del caso debió, como primera alternativa, sancionar a la representación legal del Municipio. De resultar infructuosa dicha acción disciplinaria, el tribunal entonces, antes de desestimar la acción y privar al Municipio de su día en corte, lo debió informar y apercibir directamente de lo que estaba ocurriendo para que tomara la acción pertinente. Véase, Dávila v. Hosp. San Miguel Inc., supra, pág. 814-815. Sólo de esa manera su actuación de desestimar el caso como sanción se hubiese justificado.

Reiteramos que la desestimación de un pleito debe prevalecer únicamente en casos extremos donde quede expuesto el desinterés y abandono total del caso por la parte. Ésta no es la situación del caso que nos ocupa.

### III

Por los fundamentos antes expuestos, se expide el auto, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala Superior de Arecibo, para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

EN El TRIBUNAL SUPREMO DE PUERTO RICO


Mun. de Arecibo

    Peticionario


       v.


Almacenes Yakima del Atlántico, Inc.,
H/N/C Topeka

    Recurrido


       v.                         CC-2001-132


Corp. de Desarrollo Económico
Del Atlántico de Arecibo, C.D.,
Representada por su Presidente,
Luis Roberto Raíces Reyes

    Tercero Demandado



SENTENCIA


San Juan, Puerto Rico a 6 de junio de 2001


    Por los fundamentos expuestos en la Opinión Per Curiam que antecede, se expide el auto, se revoca el dictamen del Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia, Sala Superíor de Arecibo, para que continúe con los procedimientos de forma compatible con lo aquí resuelto.

    Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.



Isabel Llompart Zeno
Secretaria del Tribunal Supremo