Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JESÚS JOSÉ RIVERA VÁZQUEZ **Apelante** EX PARTE | KLAN202401102 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil. Núm. BY2023RF01091 Sobre: Autorización Judicial |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de enero de 2025.

El 9 de diciembre de 2024, el Sr. Jesús Rivera Vázquez (señor Rivera o apelante) compareció ante nos mediante *Apelación* y solicitó la revisión de una *Sentencia* que se dictó el 10 de junio de 2024 y se notificó el 11 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI desestimó, sin perjuicio, la causa de acción incoada por el apelante al amparo de la Regla 39.2 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2(a) por incumplimiento por parte de éste con las órdenes del Tribunal.

Por los fundamentos que expondremos a continuación, *revocamos* el dictamen recurrido.

I.

El 16 de junio de 2023, el señor Rivera presentó una *Petición de Autorización Judicial* mediante la cual le solicitó al TPI a que le autorizara a la sucesión de la Sra. Romulda Vázquez Reyes (señora Vázquez) la venta de una propiedad en la cual uno de los herederos co-dueño de dicha propiedad fue previamente declarado incapaz por

Número Identificador

RES2024 _____

el TPI en otro caso.[1] En respuesta, el 14 de julio de 2023, los Procuradores de Asuntos de Familia (Ministerio Público o apelada) presentaron un *Informe Fiscal (Fijando Posición)*.[2] En este desglosaron unos requisitos que debía cumplir el apelante para que se pudiese celebrar una vista. En vista de ello, el 25 de julio de 2023, el TPI emitió una *Orden* que se notificó el 26 de julio de 2023, concediéndole a la parte apelante un término para cumplir con los requerimientos del Ministerio Público.[3] Posteriormente, el 7 de agosto de 2023, el TPI emitió una *Orden* señalando una vista para celebrarse el 5 de octubre de 2023.[4]

Así las cosas, el 10 de agosto de 2023, el apelante presentó una *Moción de Cumplimiento Parcial y Prórroga*.[5] En esta, presentó algunos de los documentos requeridos y solicitó una prórroga para entregar los documentos restantes. El TPI le concedió al apelante la prórroga solicitada.[6]

El 19 de septiembre de 2023, el representante legal del señor Rivera solicitó reseñalamiento de vista por razón de viaje familiar.[7] En vista de ello, el 20 de septiembre de 2023, el TPI emitió y notificó una *Resolución* mediante la cual transfirió la vista para el 18 de enero de 2024.[8] Posteriormente, el apelante informó mediante una moción que una de las hermanas herederas falleció por lo que tenía que tramitar su declaratoria de herederos y obtener relevo de hacienda para poder concretar la venta de la propiedad que aquí se solicitaba.[9] De este modo, el TPI convirtió la vista a celebrarse el 18 de enero de 2024 a una vista de estatus.[10]

---

[1] Véase, págs. 6-8 del apéndice del recurso.
[2] Íd., págs. 31-33.
[3] Véase, Entrada 5, SUMAC.
[4] Véase, Entrada 6, SUMAC.
[5] Véase, Entrada 7, SUMAC.
[6] Véase, Entrada 8, SUMAC.
[7] Véase, Entrada 9, SUMAC.
[8] Véase, Entrada 10, SUMAC.
[9] Véase, Entrada 11, SUMAC.
[10] Véase, Entrada 12, SUMAC.

Posteriormente, el 17 de enero de 2024, el señor Rivera presentó una *Moción en Cumplimiento de Orden* presentando otros documentos requeridos.[11] La vista de estatus se celebró el 18 de enero de 2024. De la *Minuta* de esta vista surge que el representante legal del apelante compareció, sin embargo, el señor Rivera no compareció a la vista.[12] En vista de ello, el TPI le concedió a la parte apelante el término de 45 días para informar sobre la comparecencia o no de los herederos y presentar las declaraciones juradas de los herederos que no comparecerían a la vista. Por último, le concedió al señor Rivera hasta el 8 de marzo de 2024 para que informara todos los detalles de lo que se había requerido y re-señaló la vista en su fondo para el 21 de marzo de 2024.

En vista de la incomparecencia del apelante a la vista, el 12 de marzo de 2024, el TPI dictó y notificó una *Orden* en la cual determinó que de no poderse celebrar la vista por el incumplimiento de la parte peticionaria, procedería a desestimar la acción por falta de interés.[13] El 18 de marzo de 2024, el apelante presentó una *Solicitud Urgente de Cambio Naturaleza de la Vista* alegando que no había podido conseguir a un tasador que testificaría en la vista por lo que solicitó que se cambiara la naturaleza de la vista.[14] Así pues, el 18 de marzo de 2024, el TPI emitió y notificó una *Resolución y Orden* mediante la cual transfirió la vista para el 18 de abril de 2024 y le ordenó al apelante a informar si el tasador original estaba disponible y de no estarlo, que informara el nombre del nuevo tasador. Además, que presentara su curriculum vitae y la tasación en el término de quince (15) días.[15]

Así las cosas, el 2 de abril de 2024, el representante legal del apelante presentó una *Solicitud de Suspensión* mediante la cual le

---

[11] Véase, pág. 34 del apéndice del recurso.
[12] Véase, Entrada 14, SUMAC.
[13] Véase, Entrada 15, SUMAC.
[14] Véase, Entrada 16, SUMAC.
[15] Véase, Entrada 17, SUMAC.

solicitó al TPI a que re-señalara la vista pautada para el 18 de abril de 2024 ya que tenía un juicio por jurado en otro caso.[16] A tales efectos, el 3 de abril de 2024, el TPI emitió y notificó una *Resolución* mediante la cual re-señaló la vista para el 16 de mayo de 2024.[17] En respuesta, el 15 de mayo de 2024, el Ministerio Público presentó un *Informe Fiscal Solicitando Señalamiento (Fijando Posición)*.[18] En este resaltó varios incumplimientos por parte del señor Rivera a través del transcurso del pleito. Específicamente, puntualizó que este último no había tramitado la declaratoria de herederos de la hermana fallecida, no había actualizado la tasación y no había cumplido con la orden del TPI en cuanto a informar lo que faltaba por someter. Por estos motivos antes mencionados, señaló que el caso estaba a punto de cumplir un año y el apelante no había puesto al TPI en posición para celebrar una vista. Consecuentemente, le solicitó al TPI a dejar sin efecto el señalamiento del presente caso y le ordenara al señor Rivera a mostrar causa por la cual no debía ordenarse el archivo del caso por falta de interés.

Evaluada la solicitud de la parte apelada, el 15 de mayo de 2024, el TPI emitió y notificó una *Orden* mediante la cual dejó sin efecto la vista pautada para el 16 de mayo de 2024.[19] A su vez, le concedió al apelante el término de diez (10) días para que mostrara causa debidamente fundamentada por la cual no debía ordenar el archivo de la causa de acción por incumplimiento reiterado con las órdenes del TPI y, por consiguiente, por falta de interés. Transcurrido el término de diez (10) días para mostrar causa, el 10 de junio de 2024, el señor Rivera presentó una *Moción para Cumplir Orden*.[20] En esta se limitó a informar el nombre del defensor judicial del incapacitado, que el tasador que iba a testificar falleció, que

---

[16] Véase, Entrada 18, SUMAC.
[17] Véase, Entrada 19, SUMAC.
[18] Véase, págs. 40-41 del apéndice del recurso.
[19] Íd., pág. 42.
[20] Íd., págs. 43-44.

contrataron a un tasador nuevo, que las suspensiones solicitadas habían sido justificadas y que tenía sumo interés en que se resolviera el asunto. Por estas razones solicitó un término de quince (15) días para someter la tasación y que se señalara una vista para el mes de agosto.

Ese mismo día, a saber, el 10 de junio de 2024, el TPI emitió una *Sentencia* que se notificó el 11 de junio de 2024 en la cual resolvió lo siguiente[21]:

> Este Tribunal desestima la causa de acción incoada por falta de interés de la parte demandante, quien contestó la orden de mostrar causa emitida el 15 de 2024 y notificada el 16 de mayo de 2024, concediéndole "el término de diez (10) días para que mostrara **justa causa debidamente fundamentada** por la cual el Tribunal no debería ordenar el archivo del presente asunto por incumplimiento reiterado con las órdenes del Tribunal y, por consiguiente, por falta de interés."

> Dicho término venció el 28 de mayo de 2024 y no es hasta el 10 de junio que la parte contestó la misma. Lo anterior, denota un claro menosprecio a la autoridad del tribunal. En su escrito solicita una prórroga por una causa justificada, pero que pudo muy bien notificar oportunamente.

> Se ordena el archivo y cierre del presente caso sin perjuicio, a tenor con la Regla 39.2 (a) de Procedimiento Civil.

En desacuerdo con esta determinación, 13 de junio de 2024, el señor Rivera presentó una solicitud de reconsideración.[22] En primer lugar, reconoció que no cumplió con la orden del Tribunal del 15 de mayo de 2024. Sin embargo, señaló que el Tribunal Supremo ha establecido que la desestimación de un caso como sanción, solo debía prevalecer en situaciones extremas que evidenciaran de modo claro e inequívoco la desatención y el abandono total de la parte con interés en su reclamo. En vista de lo anterior, argumentó que el TPI debió utilizara remedios menos drásticos como la sanción económica del abogado. Afirmó que, en el

---

[21] Íd., págs. 1-2.
[22] Íd., págs. 3-4.

presente caso, no se denotaba un abandono o desinterés por parte del apelante. Reiteró que las suspensiones solicitadas habían sido justificadas y por causas fuera de su control. De este modo, le solicito al TPI a que reconsiderara su dictamen.

Así las cosas, el 19 de junio de 2024, el señor Rivera presentó una moción mediante la cual anejó la nueva tasación.[23] Posteriormente, el 22 de noviembre de 2024, el apelante presentó una *Solicitud de Vista* en la que reafirmó su interés en el pleito y solicitó que se señalara vista de estatus del caso.[24] Atendida la solicitud de reconsideración, el 25 de noviembre de 2024, el TPI emitió y notificó una *Resolución Interlocutoria* declarando No Ha Lugar la solicitud de reconsideración.[25] Aún inconforme, el 9 de diciembre de 2024, el señor Rivera presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**Erró el TPI al desestimar la petición de autorización judicial en las circunstancias de este caso.**

Atendido el recurso, el 10 de diciembre de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 2 de enero de 2025 para presentar su alegato en oposición. Oportunamente, la parte apelada presentó su *Alegato de la Parte Apelada* y negó que el TPI cometiera el error que el señor Rivera le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

La Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, establece las instancias en que el Tribunal, a iniciativa propia o a solicitud de parte, puede desestimar una reclamación. Ahora bien, antes de discutir la referida Regla, es importante mencionar que "**la desestimación de un caso como sanción, debe prevalecer**

---

[23] Véase, Entrada 26, SUMAC.
[24] Íd., págs. 53-54.
[25] Íd., pág. 5.

**únicamente en situaciones extremas en las cuales haya quedado demostrado de manera clara e inequívoca la desatención y el abandono total de la parte con interés** [...]". (Énfasis suplido) *Mun. de Arecibo v. Almac. Yakima,* 154 DPR 217, 222 (2001). Es decir, una vez surja una situación que amerite sanciones, el tribunal debe, en primera instancia, imponérselas al abogado de la parte. Íd*.,* págs. 222-223. Si dicha acción disciplinaria no surte efecto, procederá la imposición severa de la desestimación de la demanda. Íd. Ello, únicamente después de que la parte haya sido propiamente informada y apercibida de la situación y de las consecuencias que pueda tener no corregirla. Íd. La razón principal para no imponer sanciones drásticas al cliente es que, de ordinario, la parte que ejercita su derecho en corte no está informada de los trámites rutinarios. Íd., pág. 224.

Conforme a dichos pronunciamientos, la Regla 39.2 de Procedimiento Civil, *supra,* fue modificada para aclarar que la orden de mostrar causa por la cual no debe desestimarse el pleito debe notificarse a las partes y a sus abogados. Véase *Informe de Reglas de Procedimiento Civil,* Comité Asesor Permanente de Reglas de Procedimiento Civil, marzo de 2008, pág. 456. Así, luego de su modificación, el inciso (a) de la aludida Regla dispone que el tribunal podrá ordenar la desestimación del pleito cuando el demandante deja de cumplir con sus órdenes. En particular, la Regla 39.2(a) de Procedimiento Civil, *supra,* establece lo siguiente:

(a) Si el demandante **deja de cumplir con estas reglas o con cualquier orden del tribunal**, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según corresponda.

Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para

responder. Si el abogado o abogada de la parte no responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

[...]

## III.

En su único señalamiento de error, el señor Rivera argumentó que el TPI erró al desestimar la petición de autorización judicial en las circunstancias de este caso. Le asiste la razón. *Veamos.*

En el presente caso, la parte apelante presentó una *Petición de Autorización Judicial* solicitándole permiso al TPI para que la sucesión de la señora Vázquez pudiese vender una propiedad en la cual uno de los herederos codueños de esta fue declarado incapaz en otro caso. Ante ello, el Ministerio Público presentó un informe mediante el cual le requirió al señor Rivera la entrega de varios documentos y otros requisitos a cumplir para la celebración de un juicio en su fondo. El TPI le ordenó al apelante a que cumpliera con lo solicitado por la parte apelada y señaló fecha para la celebración de un juicio en su fondo.

Cabe precisar que, se celebró una vista de estatus, pero no se pudo celebrar un juicio en su fondo ya que la parte apelante solicitó en varias ocasiones un re-señalamiento de vista por distintas razones. Además, el apelante no cumplió con la entrega de todos los documentos requeridos y con los demás requisitos por cumplir. Ello a pesar de que en la vista de estatus que se celebró el 18 de enero de 2024 el TPI le concedió hasta el 8 de marzo de 2024 para que informara todos los detalles de lo que se le había requerido. Así pues,

el 15 de mayo de 2024, el TPI emitió y notificó una *Orden* mediante la cual le concedió un término a la parte apelante para que mostrara causa por la cual no debía desestimar el caso por incumplimiento con las órdenes del Tribunal. A pesar de que el apelante tenía hasta el 25 de mayo de 2024 para cumplir con esta orden, este compareció mediante una moción en cumplimiento de orden el 10 de junio de 2024. Es decir, dieciséis (16) días posteriores al término concedido. Debido a ello, el 10 de junio de 2024, el TPI emitió una *Sentencia* en la cual desestimó el caso, sin perjuicio, a tenor con la Regla 39.2 (a) de Procedimiento Civil, *supra*, por incumplimiento con las órdenes del Tribunal.

La tendencia jurisprudencial en situaciones en las que la representación legal de una parte incumple e ignora las órdenes del Tribunal es, en primer lugar, imponerle sanciones económicas directamente al abogado previo a que el Tribunal le imponga a una parte la sanción severa de la desestimación del pleito. Si ello no provoca una acción correctiva por parte del abogado, la parte debe ser directamente apercibida e informada de las actuaciones de su abogado. Únicamente después de que la parte haya sido enterada de la situación, es que el Tribunal podrá imponer la sanción de desestimar la *Demanda* al amparo de la Regla 39.2 (a) de Procedimiento Civil, *supra*.

Nótese que, en el presente pleito, el TPI desestimó la causa de acción que presentó el señor Rivera sin previamente imponerle sanciones a su representación legal como lo exige la referida Regla por lo que procede revocar el dictamen recurrido. Debemos recordar que, en la mayoría de los casos, las partes no están enteradas de las actuaciones negligentes e irresponsables por parte de sus abogados. En vista de ello, es injusto que una parte sea penalizada por las actuaciones displicentes de su representación legal. Por esta razón, la Regla 39.2 de Procedimiento Civil, *supra*, exige que se cumplan

con ciertos requisitos previo a la sanción severa de desestimar el pleito. Como resolvimos, en el presente caso el TPI no cumplió con la Regla 39.2 de Procedimiento Civil, previo a desestimar la causa de acción del apelante. Ante ello, el señalamiento de error se cometió.

IV.

Por los fundamentos antes expuestos, ***revocamos*** el dictamen recurrido y se ordena la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones