Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Miguel Madera Bergodere, su esposa María De Los Ángeles Santos Rodríguez y la Sociedad Legal de Gananciales compuesta por ambos<br><br>Apelantes<br><br>vs.<br><br>Heriberto Rivera Lugo, Triangle Dealer, Triangle Chrysler, Keven Soldevilla León, Aseguradora X, Fulano de Tal, Mapfre-Praico<br><br>Apelados | KLAN202500275 | **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Civil Núm.: PO2022CV01246<br><br>Sobre: Caída |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparece ante nos, el señor Miguel Madera Bergodere, su esposa María De Los Ángeles Santos Rodríguez y la Sociedad de Gananciales por ellos compuesta (en conjunto, apelantes), quienes presentan recurso de apelación en el que solicitan la revocación de la "Sentencia" dictada el 19 de febrero de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce. Mediante el referido dictamen, el foro primario desestimó la reclamación presentada por los apelantes, debido a que no se efectuó trámite alguno en los pasados 6 meses.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, revocamos el dictamen apelado mediante los fundamentos que expondremos a continuación.

---

[1] Notificada el 20 de febrero de 2025.

Número Identificador

RES2025 _____

**I.**

El 12 de mayo de 2022, los apelantes presentaron una "Demanda" por daños y perjuicios contra el señor Heriberto Rivera Lugo, Triangle Dealer y/o Triangle Chrysler y el señor Keven Soldevilla León (en conjunto, apelados).[2] Esencialmente, alegaron que, el 9 de noviembre de 2021, el señor Keven Soldevilla León conducía un vehículo tablilla número JCX730 del año 2019 marca Dodge, e impactó por la parte trasera el vehículo conducido por los apelantes. Aducen que, por causa de dicho incidente, sufrieron daños físicos y angustias mentales. Como remedio, solicitaron una suma por sus daños estimada en $300,000.00.

Triangle Dealer presentó su "Contestación a la Demanda" el 9 de septiembre de 2022, y negó varias alegaciones incluyendo aquellas sobre negligencia y/o daños reclamados. Adicionalmente, reconvino contra los apelantes arguyendo que, era el señor Miguel Madera Bergodere quien conducía su vehículo negligentemente, y que su representado conducía de forma prudente y razonable. Reclamó una cuantía en daños por $75,000.00.

Posteriormente, el 2 de febrero de 2023, los apelantes enmendaron su reclamación a los efectos de añadir a Mapfre-Praico como parte codemandada.[3] Dicha compañía aseguradora contestó la "Demanda Enmendada" el 30 de marzo de 2023, e igualmente rechazó la mayoría de las alegaciones en su contra. Además, reconvino bajo los mismos fundamentos esbozados por los apelantes y exigió compensación por $75,000.00.

Al día siguiente, entiéndase, el 31 de marzo de 2023,[4] el foro apelado emitió "Orden" concediéndole a las partes un término de 40 días para presentar el Informe para el Manejo del Caso.[5]

---

[2] Según se aduce en la reclamación, el señor Heriberto Rivera Lugo y Triangle Dealers y/o Triangle Chrysler son los dueños registrales del vehículo conducido por el señor Keven Soldevilla León.

[3] Véase, "Demanda Enmendada", apéndice pág. 25.

[4] Notificada el 13 de abril de 2023.

Ante la realidad de que las partes no habían presentado el aludido informe, el 4 de febrero de 2025,[6] el foro *a quo* emitió "Orden" requiriéndoles a las partes presentar el Informe para el Manejo del Caso, según se les ordenó el 31 de marzo de 2023, e informar el estatus del descubrimiento de prueba.

Debido a que ninguna de las partes expuso sus razones, el 19 de febrero de 2025,[7] el Tribunal de Primera Instancia emitió "Sentencia" desestimando el caso al amparo de la Regla 39.2 (b) de Procedimiento Civil, *infra.* Fundamentó su determinación en el hecho de que no se había efectuado trámite alguno durante los últimos 6 meses.

Inconformes con el dictamen, el 28 de febrero de 2025, los apelantes solicitaron la reconsideración del mismo.[8] Se excusaron por no haberse percatado de la "Orden" del 4 de febrero de 2025, y suplicaron que, en lugar de desestimar la "Demanda", se imponga una sanción económica a su representante legal.

Ese mismo día, o sea, el 28 de febrero de 2025,[9] el foro primario emitió "Resolución" y declaró No Ha Lugar la petición de reconsideración presentada por los apelantes.

En desacuerdo, el 7 de marzo de 2025, los apelantes radicaron una "Segunda Moción Solicitando Reconsideración" y reiteraron: (1) la improcedencia de la desestimación como primera sanción, y (2) el cumplimiento con el descubrimiento de prueba.

Evaluada su petición, el Tribunal de Primera Instancia la declaró No Ha Lugar mediante "Resolución" emitida el 10 de marzo de 2025.[10]

---

[5] Véase, Regla 37.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1.
[6] Notificada ese mismo día.
[7] Notificada el 20 de febrero de 2025.
[8] Véase, "Urgente Moción de Reconsideración"
[9] Notificada en igual fecha.
[10] Notificada ese mismo día.

Aún insatisfechos, los apelantes recurren ante este foro apelativo intermedio, y señalan la comisión de los siguientes errores:

> *Erró el Tribunal de Primera Instancia al desestimar el caso de acuerdo con la Regla 39.2 (b) de Procedimiento Civil con perjuicio sin apercibimiento previo a los abogados, sin apercibimiento previo a las partes y sin previamente imponer sanciones económicas al abogado.*

> *Erró (en la alternativa) el Tribunal de Primera Instancia al concluir que existía inactividad que requería la desestimación del caso.*

Los apelados instaron su "Escrito en Oposición a Apelación" el 14 de abril de 2025. Con el beneficio de ambas comparecencias, procedemos a resolver.

**II.**

En nuestro ordenamiento, ninguna parte posee el derecho a perpetuar indefinidamente su reclamación ante los tribunales, manteniendo a la parte adversa en un estado de incertidumbre, especialmente cuando la inacción responde a vagas alusiones a supuestas circunstancias especiales, sin mayor justificación para su falta de diligencia e interés en el trámite. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001). En atención a ello, la Regla 39.2(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, dispone lo siguiente:

> *El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no se considerarán como un trámite a los fines de esta regla.*

> *El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o la Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los asuntos.*

Como puede apreciarse, la precitada disposición legal regula las desestimaciones por inactividad. Esta faculta al Tribunal para

desestimar una acción civil en la que no se haya realizado trámite alguno por un período de 6 meses. Se trata de un mecanismo que faculta al Tribunal para decretar la terminación de un pleito ante la inacción o desatención de la parte que lo promueve. *Sánchez Rodriguez v. Adm. de Correccion*, 177 DPR 714, 720-721 (2009).

No obstante lo anterior, este mecanismo procesal tiene que atemperarse a la política pública de que los casos se ventilen en sus méritos. *Íd.*, a la pág. 721. Es decir, la desestimación como sanción únicamente procede en circunstancias excepcionales que demuestren una clara desatención del litigio por parte de quien ostenta interés, y solo después de que otras sanciones hayan resultado ineficaces para salvaguardar el buen funcionamiento de la administración de justicia. *Mun. de Arecibo v. Almac. Yakima*, *supra*, a la pág. 222. Además, dicha sanción no debe imponerse sin que medie un previo apercibimiento. *Íd.*

Por ende, en primera instancia, el Tribunal sancionará al abogado de la parte. Si esta medida no surte efectos, entonces se apercibirá a la parte directamente sobre las consecuencias de su incumplimiento. Solo en caso de que persista la inacción, procederá entonces la desestimación de la reclamación. *Íd.*, a las págs. 722-723.

Finalmente, además de ponderar las razones por las cuales no deba desestimarse el caso, el Tribunal evaluará el perjuicio que la dilación pueda causarle al demandado. *Íd.*, a la pág. 723.

**III.**

Según surge del tracto procesal reseñado, el Tribunal de Primera Instancia ordenó a las partes a presentar el Informe para el Manejo del Caso el 31 de marzo de 2023. Sin embargo, para la fecha del 4 de febrero de 2025 las partes no habían presentado dicho informe. Por esta razón, el Tribunal les ordenó a las partes presentar el Informe e informar el estatus del descubrimiento de

prueba. Como ninguna de las partes expuso sus razones, el 19 de febrero de 2025, el Tribunal de Primera Instancia desestimó el caso bajo las disposiciones de la Regla 39.2 (b) de Procedimiento Civil, *supra*. Fundamentó su determinación en el hecho de que no se había efectuado trámite alguno durante los últimos 6 meses.

En su escrito, los apelantes argumentan, como primer error, que el foro *a quo* incidió al desestimar su reclamación sin imponer sanciones a los abogados y sin apercibir del archivo a los abogados ni a las partes.

Por su parte, los apelados sostienen que el foro apelado actuó correctamente, ya que los apelantes no realizaron gestiones para promover el descubrimiento de prueba o cumplir con las órdenes del Tribunal. Su contención es que a los apelantes se les apercibió de las consecuencias de sus incumplimientos y, además, fallaron en demostrar justa causa para su falta de interés en los procedimientos. Finalmente, destacan que la determinación cuya revisión se nos solicita responde a un ejercicio de discreción del juzgador, por lo que no debemos intervenir con ésta.

Tras un análisis de los hechos y el derecho aplicable al caso, concluimos que el Tribunal de Primera Instancia erró al desestimar el pleito sin tomar otras medidas previo a imponer la sanción más drástica.

Como ya explicamos, la Regla 39.2(b) de Procedimiento Civil, *supra*, ciertamente faculta al Tribunal para desestimar un caso por inactividad. Sin embargo, no es menos cierto que nuestro Tribunal Supremo ha enfatizado que, como la desestimación es la sanción más drástica que puede imponer el foro judicial, solo procede en casos extremos. *Sánchez Rodríguez v. Adm. de Corrección, supra*, a la pág. 721.

En vista de que en nuestro ordenamiento jurídico se favorece el que los casos se ventilen en sus méritos, la desestimación debe

prevalecer únicamente **después que otras sanciones hayan probado ser ineficaces**, **y siempre y cuando se haya hecho un previo apercibimiento de la situación y de las consecuencias que pueda tener el que ésta no sea corregida**. *Mun. de Arecibo v. Almac. Yakima, supra*, a la pág. 222.

En el presente caso, el Tribunal de Primera Instancia emitió una "Orden" el 4 de febrero de 2025, requiriéndoles a las partes presentar el Informe para el Manejo del Caso e informar el estatus del descubrimiento de prueba. Evidentemente, **no apercibió que la incomparecencia acarrearía el archivo del caso bajo la Regla 39.2(b) de Procedimiento Civil**, *supra*.

Posteriormente, y por entender que la parte promovente no justificó la inactividad del caso, el foro primario desestimó el caso, **sin antes imponer sanciones menos onerosas para procurar el cumplimiento de sus órdenes**.

Si el Tribunal de Primera Instancia entendía que no se demostraron razones válidas para justificar la inactividad, debió, como primera alternativa, sancionar a la representación legal del promovente. De resultar infructuosa esta acción disciplinaria, el tribunal debió, antes de desestimar el caso, informar y apercibir directamente a la parte sobre las consecuencias de sus actos, es decir, que su incumplimiento acarrearía la desestimación de la acción. **Sólo de esa manera su actuación de desestimar el caso como sanción se hubiese justificado**. Ésta no es la situación del caso que nos ocupa.

En el caso de marras no se sancionó al representante legal de los apelantes, aunque así se solicitó por este en su solicitud de reconsideración. De los documentos que obran en autos, tampoco surge evidencia fehaciente que demuestre que la parte promovente, en este caso los apelantes, fuesen apercibidos de la situación y de la posible desestimación si ésta no era corregida. No tan solo eso,

sino que, el Tribunal tampoco evaluó el perjuicio que la dilación pudiese causarle a los apelados.

Por los motivos que anteceden y conforme a lo establecido por nuestra jurisprudencia, procede la revocación de la "Sentencia" apelada.

**IV.**

Por los fundamentos antes expuestos, los que hacemos parte del presente dictamen, revocamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones