Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| RAFAEL NEGRÓN RIVERA<br>Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO; VÍCTOR TORRES, ALVÍN ALICEA IRIZARRY y OTROS<br>Apelados | KLAN202500418 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. PO2024CV01014<br><br>Sobre: Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Juez Ponente, Adames Soto

## SENTENCIA

En San Juan, Puerto Rico, a 30 de junio de 2025.

Comparece ante nosotros el señor Rafael Negrón Rivera (señor Negrón Rivera o parte apelante), por derecho propio, y como miembro de la población correccional, solicitando que revisemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI), el 24 de abril de 2025. Aludiendo a la Regla 39.2 (b) de las de Procedimiento Civil, *infra*, el foro primario desestimó la *Demanda* en daños y perjuicios presentada por la parte apelante, al juzgar que este incumplió las órdenes del Tribunal y abandonó el procedimiento.

Por los fundamentos que expondremos a continuación, *Revocamos*.

## I. Resumen del tracto procesal

El 25 de enero de 2024,[1] presentada ante el TPI el 3 de abril de 2024, el señor Negrón Rivera instó una *Demanda* en daños y perjuicios, por alegados hechos acaecidos el 13 de marzo de 2023, contra el Estado Libre Asociado, la Sra. Ana I. Escobar Pabón, Secretaria del Departamento de Corrección y Rehabilitación, Sr. Víctor Torres Rodríguez y Sr. Alvin Alicea

---

[1] *Véase*, Entrada Núm. 1 de SUMAC.

NÚMERO IDENTIFICADOR

SEN2025_____

Irizarry, Superintendentes de Ponce en la misma institución, Sr. José E. Castro Figueroa, Capitán, Sr. Héctor Luciano Bobe, Teniente I, Sr. José A. Vázquez (señor Vázquez), Oficial del Área de Admisiones, Sr. Wilfredo Colón Santiago y Ricardo Cruz Cruz, Oficiales, (en conjunto, parte apelada).

En la *Demanda* arguyó que fue agredido físicamente por otro confinado,[2] quien le profirió una patada en el rostro. Además, sostuvo que temió por su vida, pues tenía setenta y dos (72) años. Añadió que el señor Vázquez le tomó fotos, pero que no fue llevado al área médica de la institución correccional. A su vez, esgrimió que la parte apelada tenía conocimiento de tales hechos, sin embargo, había ignorado sus reclamos. Por consiguiente, solicitó una indemnización de ochenta mil dólares ($80,000), por: daños y perjuicios; violaciones al debido proceso de ley y a la Carta de Derechos; a la Política Pública del Gobierno a favor de los Adultos Mayores, Ley Núm. 121-2019, 8 LPRA sec. 1511 *et seq.*, negligencia institucional e incumplimiento con el deber ministerial.

En respuesta, el 1 de agosto de 2024, el Estado presentó una *Comparecencia Especial en Solicitud De Desestimación,* aduciendo que la parte apelante había radicado una solicitud de remedio administrativo ante el Departamento de Corrección y Rehabilitación (DCR) el 18 de abril de 2023, por los mismos hechos, y que la División de Remedios Administrativos emitió su respuesta el 2 de junio de 2023. Añadió, que la parte apelante había radicado una solicitud de reconsideración el día 17 de agosto de 2023, la cual fue denegada el 23 de agosto de 2023, pero que le fue entregada el 8 de septiembre de 2023. A pesar de ello, indicó que el señor Negrón Rivera no había acudido en revisión judicial de dicha determinación administrativa, adviniendo final y firme.

---

[2] En la *Moción Informativa* del 29 de agosto de 2024, el señor Negrón Rivera especificó que fue agredido por otro confinado. *Véase,* Entrado Núm. 22 de SUMAC.

A raíz de la presentación de la referida moción dispositiva, el 2 de agosto de 2024, el foro primario le concedió a la parte apelante un término de veinte (20) días para oponerse.[3]

Luego, el 7 de abril de 2025,[4] el TPI emitió una *Orden Regla 39.2 (b)* concediéndole al señor Negrón Rivera un término final de diez (10) días para comparecer, o dictaría Sentencia para disponer el archivo del pleito en su totalidad, conforme a la regla procesal aludida.

Entonces, según advertido, el 24 de abril de 2025, el TPI emitió la *Sentencia* que dio lugar a la presentación del recurso ante nuestra consideración, desestimando la *Demanda*, amparándose en la Regla 39.2(b) de Procedimiento Civil, infra.

A pesar de lo anterior, llamamos la atención a que, tres días de haberse emitido el dictamen desestimatorio, es decir, el 21 de abril de 2025, **el señor Negrón Rivera le había entregado una moción al DCR, intitulada *Informativa*, la cual le fue notificada al TPI el 28 de abril de 2025**. Mediante dicho escrito la parte apelante se opuso a la desestimación del caso, por razón de que, arguyó, había tenido varios percances de salud que le impidieron efectuar los trámites correspondientes. Además, afirmó desconocer que tenía que instar el recurso de revisión judicial ante el Tribunal de Apelaciones.

Es así como, el 8 de mayo de 2025, el señor Negrón Rivera acude ante nosotros, mediante recurso de apelación, señalando la comisión de los siguientes errores por el TPI:

> Que err[ó] el Honorable Tribunal Sala Superior de Ponce ya que desestim[ó] el recurso sin antes haber recibido la moción del cual se le adjunta recibo de salida de la institución.
>
> Que err[ó] el [T]ribunal General de Justicia Sala Superior de Ponce pues la prueba es contundente y [c]ertera para seguir adelante con el recurso civil.

---

[3] Del expediente no surge cuándo le fue notificada a la parte apelante.

[4] La Orden del 7 de abril de 2025 aparece notificada al día siguiente a la dirección Institución Ponce 1000 Adultos, 3 M Núm. 207, 3699 Ponce By Pass, Ponce, Puerto Rico, 00728-1504 y a rafael.perez@justicia.pr.gov. No obstante, como se verá más adelante, el señor Negrón Rivera fue notificado el 14 de abril de 2025.

Mediante Resolución del 29 de mayo de 2025, le concedimos un término de diez (10) días al Administrador del Departamento de Corrección y Rehabilitación para que, a través de la Oficina del Procurador General, nos acreditase cuándo se le notificó al señor Negrón Rivera la *Orden Regla 39.2 (b)* del 7 de abril de 2025 del TPI. De igual forma le ordenamos al Procurador General expresarse sobre los méritos del recurso instado.

Como resultado, el Procurador General presentó una *Moción en Cumplimiento de Resolución,* en la cual anejó una copia de la página del libro de entrada de la correspondencia legal del DCR, que refleja que la parte apelante recibió un documento del Tribunal de Primera Instancia de Ponce el 14 de abril de 2025. Asimismo, el 17 de junio de 2025, el Procurador General sometió un *Escrito en Cumplimiento de Resolución* afirmando que **la parte apelante había comparecido ante el TPI oportunamente, lo que hizo improcedente la desestimación al amparo de la Regla 39.2 (b) de Procedimiento Civil, *infra*, por inactividad**. A partir de tal expresión, nos solicitó resolver el asunto conforme a derecho.

## II. Exposición de derecho

Las Reglas de Procedimiento Civil se deben interpretar de modo que faciliten el acceso a los tribunales y que garanticen una solución justa, rápida y económica de todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, Regla 1; *Sánchez Rodríguez v. Adm. de Corrección,* 177 DPR 714, 719 (2009). Es de conocimiento general que nuestro ordenamiento jurídico es adversativo y rogado, por lo cual las partes tienen el deber de ser diligentes y proactivos al realizar los trámites procesales. Este principio rector de nuestro derecho ha de respetarse desde la más temprana etapa de un caso, como lo es el emplazamiento, hasta la etapa de ejecución de la Sentencia. Por consiguiente, el tribunal tiene la potestad para sancionar de diversas formas a las partes litigantes que dilatan innecesariamente los procesos. *Sánchez Rodríguez v. Adm. de Corrección,* supra, págs. 720-721.

En consonancia, la Regla 39.2 (b) de Procedimiento Civil, 32 LPRA Ap. V, Regla 39.2 (b), permite a un Tribunal desestimar un pleito por la dejadez o inacción de las partes respecto a sus casos. La citada Regla promulga que:

. . . . . . . .

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, **a menos que tal inactividad se le justifique oportunamente.** Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla.

El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles **dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique,** que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos.

(Énfasis provisto).

Lo anterior se explica al considerar que, en nuestro ordenamiento judicial impera la política pública de que los casos deben resolverse en sus méritos de forma justa, rápida y económica. 32 LPRA Ap. V, Regla 1; *Díaz v. Hospital Episcopal*, 163 DPR 10, 20 (2004). Así, aunque las partes tienen el deber de ser diligentes y proactivos en el manejo procesal de sus casos, la desestimación de las causas de acciones es una medida extrema y drástica a la cual los tribunales no deben acudir desmesuradamente. *Sánchez Rodríguez v. Adm. de Corrección*, supra, pág. 721; *Banco Popular v. SLG Negrón*, 164 DPR 855, 864 (2005). Ello, en atención a que se busca que los casos se resuelvan en sus méritos y por los contundentes efectos de una desestimación bajo la Regla 39.2 (b) de Procedimiento Civil, *supra*. *Sánchez Rodríguez v. Adm. de Corrección*, supra, pág. 721.

Por supuesto, también debe integrarse a lo anterior el procurar que un caso no tenga vida eterna en los tribunales, manteniendo un estado de incertidumbre sin razón justificada para ello. *Mun. de Arecibo v. Almac. Yakima*, 154 DPR 217, 221-222 (2001). De hecho, es por tal motivo que la

Regla 39.2 (b), *supra,* provee para la desestimación de los casos que han permanecido inactivos durante seis (6) meses. *Íd.*, pág. 222.

No obstante, nuestro máximo foro ha establecido como norma general, que la desestimación de una demanda es la sanción más drástica que se puede imponer, por lo que los tribunales deben establecer un balance entre el interés de tramitar los casos rápidamente y que éstos sean resueltos en sus méritos. *Banco Popular v. SLG Negrón*, supra, pág. 864. Por tal razón, en el contexto de la Regla 39.2 (b) de Procedimiento Civil, *supra*, también se ha reconocido como norma que, antes de proceder a la desestimación de un caso como sanción, debe haber quedado demostrado de forma clara y fehaciente la desatención y el abandono total de la parte con interés, además de constatarse que otras sanciones hayan sido ineficaces. *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 222. Es decir, no debe desestimarse un pleito al amparo de la Regla 39.2 (b), *supra*, sin antes haber impuesto otras sanciones, y sin haber un previo apercibimiento. *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 222. De esta forma se hizo extensiva la norma general del inciso (a) de la citada Regla a las situaciones a atenderse bajo el inciso (b).

Cónsono con lo anterior, luego de que las partes expongan los motivos por los cuales no debe desestimarse el caso, el tribunal debe realizar un balance de intereses entre la necesidad que tiene el tribunal de administrar su calendario, la necesidad de que los casos se resuelvan de forma expedita y el perjuicio ocasionado al demandado por la dilación en el caso. *Íd.*, pág. 223. De no demostrarse perjuicio verdadero, no debe archivarse la acción. *Íd.* Por tanto, la desestimación únicamente se puede sostener por los tribunales revisores en aquellas instancias en las que se hayan utilizado otras medidas que resulten inútiles, de manera tal que se manifieste un claro desinterés y abandono por parte del reclamante. *Arecibo v. Almac. Yakima*, supra, pág. 225. Así, procede la desestimación por inacción bajo la Regla 39.2(b) de Procedimiento Civil, *supra*, "en casos extremos de clara e

injustificada falta de diligencia". *Sánchez Rodríguez v. Adm. de Corrección*, supra, pág. 724.

Es importante destacar que **únicamente procederá la desestimación si la parte ha sido informada y notificada de la situación y de las consecuencias de la inactividad**. Así, lo dispone expresamente la Regla 39.2 (b) de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. (Énfasis provisto). *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 223; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

## III. Aplicación del Derecho a los hechos

La controversia ante nuestra atención está claramente delimitada y su solución es simple; tanto así que el Procurador General se allana a la petición de la parte apelante de que no se desestime su caso por inactividad. Veamos.

Según ya dijimos, la parte apelante asevera que el TPI incidió al desestimar la *Demanda* presentada aludiendo a la Regla 39.2 (b) de Procedimiento Civil, *supra*, porque recibió la notificación de la *Orden Regla 39.2 (b)* el 14 de abril de 2025 y presentó, de manera oportuna, la oposición a la petición de desestimación, el 21 de abril de 2025. Por su parte, el Procurador General manifestó que el señor Negrón Rivera fue notificado de la *Orden Regla 39.2 (b)* el 14 de abril de 2025, por lo que tenía hasta el 24 de abril de 2025 para comparecer y cumplir con esta. Entonces, al presentar, la parte apelante, una moción *Informativa* el 21 de abril de 2025, en la cual expresó las razones por las cuales no se debía desestimar el caso por inactividad, se tornó improcedente la desestimación del caso por la Regla 39.2 (b), *supra*.

Examinado el expediente del caso disponible en SUMAC,[5] notamos que el 1 de agosto de 2024 el Estado, en representación de los Oficiales José E. Castro Figueroa, Víctor Torres Rodríguez, Héctor Luciano Bobé en su carácter personal, sin someterse a la jurisdicción del Tribunal, presentó una

---

[5] Sistema Unificado de Manejo y Administración de Casos del Poder Judicial.

solicitud de desestimación. En esa misma fecha, archivada en autos al día siguiente, **2 de agosto de 2024**, el TPI le concedió a la parte apelante un término de veinte (20) días para oponerse a la solicitud de desestimación. Del expediente no surge cuándo, en efecto, dicha *Orden* le fue notificada al señor Negrón Rivera.

Al cabo de seis (6) meses, el 7 de abril de 2025, archivada en autos el **8 de abril de 2025,** el TPI emitió la *Orden Regla 39.2 (b)*, concediéndole al señor Negrón Rivera un término *final* de diez (10) días para comparecer, o se dictaría Sentencia archivando el pleito en su totalidad, conforme a la Regla 39.2 (b) de Procedimiento Civil, *infra*. Puntualizamos que la *Orden Regla 39.2 (b)* aparecía notificada el 8 de abril de 2025 a la dirección Institución Ponce 1000 Adultos, 3 M Núm. 207, 3699 Ponce By Pass, Ponce, Puerto Rico, 00728-1504 y a rafael.perez@justicia.pr.gov, pero no teníamos constancia de cuándo, en efecto, el señor Negrón Rivera advino en conocimiento de la referida Orden. Este dato era imprescindible para calcular cuándo el término de diez días comenzó a decursar.

Según ordenado por este foro revisor, el Procurador General nos presentó una copia de la página del libro de entradas de correspondencia legal de la Institución Ponce 1000, el cual muestra que, tal y como aducen las partes, el 14 de abril de 2025 la parte apelante recibió la notificación de la *Orden Regla 39.2 (b)* del TPI. Es por esto que el término de diez (10) días debía computarse a partir de esta última fecha, expirando así el 24 de abril de 2025. A partir de lo cual, la presentación de la moción *Informativa* con fecha del 21 de abril de 2025, en la cual la parte apelante expresó las razones por las cuales la *Demanda* no debía ser desestimada, revela que el foro apelado desestimó la causa de acción presentada por la apelante de forma prematura.

Valga en este punto reiterar que la desestimación de una *Demanda* es la sanción más drástica que se puede imponer, por lo que los tribunales deben establecer un balance entre el interés de tramitar los casos

rápidamente y que éstos sean resueltos en sus méritos. *Banco Popular v. S.L.G. Negrón*, supra, pág. 864. Por ello cabe recalcar que procede la desestimación por inacción bajo la Regla 39.2(b) de Procedimiento Civil, *supra*, "en casos extremos de clara e injustificada falta de diligencia". *Sánchez Rodríguez v. Adm. de Corrección*, supra, pág. 724.

Añádase que **únicamente procederá la desestimación si la parte ha sido informada y notificada de la situación y de las consecuencias de la inactividad**. Así lo dispone expresamente la Regla 39.2(b) de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Mun. de Arecibo v. Almac. Yakima*, supra, pág. 223; *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). En el caso particular que nos ocupa, donde la parte apelante se encuentra recluida en una institución correccional, la notificación conlleva que se tome como punto de partida la fecha de entrega de la correspondencia, según quedó evidenciado por la página del libro de entradas. Es decir, nuestro ordenamiento reconoce que las personas en estado de confinamiento reciben las notificaciones provenientes de los Tribunales a través de los funcionarios del DCR, y entregan sus escritos apelativos de igual forma, lo que en ocasiones ocasiona disloque en las fechas de presentación de tal documentación. Véase, Regla 30.1 de las Reglas del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. En definitiva, no hay controversia en cuanto a que la parte apelante compareció y cumplió con la *Orden Regla 39.2 (b)*, lo que impedía que el foro primario pudiera acudir a la medida drástica de la desestimación.

Por último, estamos conscientes de que el TPI tiene ante su atención una moción de desestimación por alegada falta de jurisdicción que no ha dilucidado. A pesar de que los planteamientos jurisdiccionales son de umbral, la desestimación de la *Demanda* por vía de la Regla 39.2 discutida, imposibilitó la consideración del asunto jurisdiccional pendiente. Reconocido lo anterior, enfatizamos que la determinación que hoy tomamos, en nada

afecta o prejuzga la controversia jurisdiccional que no ha sido dilucidada y corresponde al TPI resolver una vez reabierto el caso.

## IV. Parte dispositiva

Por los fundamentos que preceden, revocamos la *Sentencia* apelada y ordenamos devolver el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones