ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| ROSA CARRIÓN RODRÍGUEZ<br><br>Parte Recurrida<br><br>v.<br><br><br>**COLEGIO DE LA SALLE OF BAYAMÓN, PUERTO RICO, INC., T/C/C COLEGIO DE LA SALLE DE BAYAMÓN**, AIG INSURANCE COMPANY<br><br>Parte Peticionaria | TA2025AP00257 | *Apelación acogida como Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Guaynabo<br><br>Caso Núm.:<br><br>BY2023CV03501<br><br><br>Sobre:<br><br>Despido injustificado (Ley Núm. 80), Discrimen (Ley Núm. 100), Ley de Represalias (Ley Núm. 115-1991), Procedimiento Sumario bajo la Ley Núm. 2 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 2 de septiembre de 2025.

Compareció ante este Tribunal la parte peticionaria, Colegio de la Salle of Bayamón, Puerto Rico, Inc. (en adelante, el "Colegio" o "Peticionario"), mediante mal denominado recurso de apelación presentado el 18 de agosto de 2025. Nos solicitó la revocación de la *Sentencia en Rebeldía* (en adelante, "Sentencia") emitida por el Tribunal de Primera Instancia, Sala Superior de Guaynabo (en adelante, el "TPI"), el 7 de agosto de 2025, notificada y archivada en autos al día siguiente. A través del aludido dictamen, el TPI determinó que el Colegio despidió injustificadamente a la Sra. Rosa Carrión Rodríguez (en adelante, la "señora Carrión Rodríguez" o "Recurrida").

En virtud de las disposiciones de la Sección 4 de la Ley Núm. 2 de 17 de octubre de 1961, *infra*, se acoge el recurso como un auto de *certiorari*

y por los fundamentos que expondremos a continuación, *expedimos* el auto presentado y *revocamos* la *Sentencia* recurrida.

**I.**

El caso de epígrafe tuvo su génesis el 22 de junio de 2023, con la presentación de una "**Querella**" por parte de la señora Carrión Rodríguez en contra del Colegio y The Brothers of The Christian Schools, District of Eastern North America (en adelante, "TBCS") sobre despido injustificado, discrimen y represalias, al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la "Ley de Procedimiento Sumario de Reclamaciones Laborales", 32 LPRA secs. 3118 *et seq.* Mediante la misma, la Recurrida sostuvo que fue empleada del Colegio por espacio de dieciocho (18) años, desde el 27 de julio de 2004 hasta el 5 de agosto de 2022, donde ocupó el puesto de maestra de educación física en distintos niveles y desarrolló el equipo de natación de dicho plantel.

Alegó que el director del Colegio, el Sr. Pedro Hernández (en adelante, el "señor Hernández") y su esposa, la principal Zury Zapata (en adelante, la "señora Zapata"), actuaron de manera discriminatoria al denegarle oportunidades de crecimiento y desarrollo profesional. Especificó que, cada vez que surgía una plaza de empleo idónea para su perfil, contrataban a hombres jóvenes que poseían menos cualificaciones que ella. Manifestó que le compartió dicha preocupación al señor Hernández, pero que este ignoró su reclamo. Destacó que el salario anual más alto devengado previo a su despido fue por la suma de $25,579.00. Arguyó que, tanto el señor Hernández como la señora Zapata, establecieron un patrón de conducta conocido como "mobbing" a través del cual intentaron lacerar su dignidad e integridad profesional. Señaló que el Colegio no hizo nada para eludir el mencionado comportamiento de sus empleados, ignorando así sus responsabilidades y deberes como patrono.

Explicó que, ante tal cuadro y luego de varios años sujeta a los aludidos actos de discrimen, se vio obligada a renunciar a su empleo. En vista de lo anterior, le solicitó al Tribunal que declarara "Con Lugar" la "**Querella**" y ordenara al Colegio y a TBCS a pagar el salario que ella

hubiese devengado de no haberse visto obligada a abandonar su puesto, una indemnización equivalente a seis (6) meses de sueldo y tres (3) semanas por cada año de servicio prestado. En su defecto, le peticionó al TPI que determinara que el despido fue por razón de represalias y/o discriminatorio y ordenara la indemnización correspondiente.

Así las cosas, el 5 de julio de 2023, el Colegio presentó su "**Contestación a Querella**" en la que rechazó la mayoría de las afirmaciones presentadas en su contra y alegó que tuvo que realizar un ajuste al horario de clases de la señora Carrión Rodríguez para que esta pudiera tomar ciertos cursos universitarios durante el horario de clases, toda vez que no poseía la licencia regular de maestra de educación física. Esbozó que, a pesar de recibir dicho tratamiento especial, la Recurrida no obtuvo la referida licencia. Señaló que, como consecuencia de lo anterior, por varios años tuvo que gestionar una licencia de maestra provisional para que la señora Carrión Rodríguez pudiera continuar impartiendo clases en la institución escolar. Añadió que, cuando la Recurrida enfrentó una situación de salud, continuó realizando los pagos regulares de nómina, pese a que ésta no contaba con días disponibles bajo enfermedad ni vacaciones. Por último, expuso que la señora Carrión Rodríguez no tenía derecho al pago de mesada alguna, puesto que ésta renunció a su empleo, dando por terminado el contrato de servicios con el Colegio.

En este contexto, el 21 de julio de 2023, el Colegio presentó una "**Moción de Desestimación al Amparo de la Regla 10.2 de Procedimiento Civil**" (en adelante, "Moción de Desestimación"), a través de la cual afirmó que las alegaciones presentadas en su contra no exponían una reclamación que justificara la concesión de un remedio bajo cualquier estado de hechos que pudieran ser probados en apoyo a su reclamo. En síntesis, expresó que de la "**Querella**" no surge detalle ni descripción alguna sobre la imputación que se le atribuye y, además, se omite precisar la identidad de los presuntos agentes involucrados en los hechos. Recalcó que, contrario a lo alegado por la Recurrida, a ésta se le brindaron múltiples oportunidades de crecimiento, incluyendo el acomodo de su horario para

que pudiera tomar cursos universitarios durante el horario de clases del plantel escolar. Además, afirmó que las disposiciones de la Ley Núm. 80 de 30 de mayo de 1976, *infra*, no son aplicables a la controversia de autos porque la señora Carrión Rodríguez fue contratada a prestar servicios por un tiempo determinado. En armonía con lo anterior, le solicitó al TPI que declarara "No Ha Lugar" la "**Querella**".

Posteriormente, el 8 de agosto de 2023, el Peticionario presentó una "**Moción Solicitando la Conversión del Procedimiento Sumario a uno Ordinario**" en la que planteó que las alegaciones de la Recurrida comprendían diversas causas de acción, la intervención de varias personas y múltiples incidencias o hechos que requerían ser organizados en una secuencia cronológica. Así pues, solicitó que el caso se tramitara por la vía ordinaria. Más adelante, el 28 de agosto de 2023, la señora Carrión Rodríguez presentó una "**Oposición a Solicitud de Desestimación y Solicitud de Remedio**" (en adelante, "Oposición") mediante la cual manifestó que, en la *Moción de Desestimación*, el Colegio se limitó a atacar la veracidad de las alegaciones presentadas en la "**Querella**" y no invocó ningún fundamento válido en derecho. Asimismo, señaló que lo anterior evidenciaba la actitud contumaz del Colegio al intentar dilatar el proceso para eludir su responsabilidad como patrono. Agregó que el Peticionario debió presentar todas sus defensas afirmativas de una manera fundada y no a través de una lista taxativa. A tono con lo anterior, le solicitó al TPI que declarara "No Ha Lugar" la *Moción de Desestimación.*

El 11 de octubre de 2023, la señora Carrión Rodríguez presentó una moción intitulada "**Querella Enmendada**" a los fines de incluir la aseguradora del Colegio, AIG Insurance Company. Tras varias incidencias procesales, el 21 de diciembre de 2023, la señora Carrión Rodríguez presentó una "**Solicitud de Rebeldía**" en la que expresó que TBCS fue emplazado por edicto el 1 de diciembre de 2023 y que, a pesar de ello, no había comparecido. Como consecuencia de lo anterior, solicitó la anotación de rebeldía de dicha parte. En respuesta a ello, el 9 de enero de 2024, el TPI le anotó la rebeldía a TBCS. El 10 de enero de 2024, TBCS presentó

una "**Solicitud para que se Levante la Anotación de Rebeldía y Moción de Desestimación**" en la que, en esencia, sostuvo que el foro de instancia carecía de jurisdicción sobre su persona por no haber sido debidamente notificado y que la "**Querella Enmendada**" adolecía de defectos que justificaban su desestimación.

El 8 de abril de 2024, TBCS presentó una "**Moción Urgente en Solicitud de Orden**" a través de la cual reiteró que la Recurrida diligenció un emplazamiento nulo y defectuoso en contravención a la Ley Núm. 2 de 17 de octubre de 1961, *supra*. Igualmente, recalcó que la "**Querella Enmendada**" debía ser desestimada, por cuanto no aducía hechos suficientes que justificaran la concesión de un remedio. En reacción a ello, el 9 de abril de 2024, la señora Carrión Rodríguez presentó una "**Contestación a Moción Urgente (SUMAC #65)**" en la que sostuvo que TBCS pretendía evadir su responsabilidad como patrono bajo el subterfugio de que no se encontraba en Puerto Rico.

Así las cosas, el 11 de marzo de 2025, el foro de instancia emitió una *Sentencia Parcial* en la que determinó que la señora Carrión Rodríguez diligenció un emplazamiento que, de su faz, contenía errores que viciaban su validez y le impedían obtener jurisdicción sobre la persona de TBCS. Asimismo, concluyó que, independientemente del asunto jurisdiccional, TBCS no venía obligada a indemnizarle civilmente a la Recurrida bajo ninguno de los estatutos mencionados en la "**Querella Enmendada**", puesto que nunca ha sido su patrono. Así pues, levantó la rebeldía de TBCS y desestimó las causas de acción instadas en su contra. Ese mismo día, mediante *Resolución*, el TPI declaró "No Ha Lugar" la *Moción de Desestimación* presentada por el Colegio y citó a las partes para la *Conferencia con Antelación a Juicio*, a celebrarse el 2 de abril de 2025. Así las cosas, el Peticionario no compareció a dicho señalamiento, por lo que se le impuso una sanción de $200.00 al Lcdo. Esteban Rafael Aguilera Bobea, representante legal del Colegio, la cual debía consignar en el plazo de cinco (5) días. Ese mismo día, se reseñaló dicha vista para el 8 de mayo de 2025 y el juicio en su fondo para el 9 de julio de 2025.

Más adelante, el 1 de mayo de 2025, la Recurrida presentó una "**Solicitud de Rebeldía**" en la que informó que el Peticionario incumplió con la *Orden* dictada por el TPI el 2 de abril de 2025, mediante la cual se le impuso el pago de la sanción económica. En consecuencia, peticionó que se le anotara la rebeldía. El 5 de mayo de 2025, la señora Carrión Rodríguez presentó una "**Moción Informativa**" a través de la cual señaló que el Colegio tampoco cumplió con la presentación del *Informe Preliminar entre Abogados* en preparación para la *Conferencia con Antelación al Juicio*. Llegado el día del reseñalamiento de la *Conferencia con Antelación al Juicio*, el Peticionario no compareció nuevamente, motivo por el cual el foro de instancia procedió a anotarle la rebeldía y eliminar las alegaciones del Colegio. El juicio en su fondo se celebró el 9 de julio de 2025. Allí, testificó bajo juramento la señora Carrión Rodríguez, mientras que el Colegio no compareció a dicha vista.

Finalmente, el 8 de agosto de 2025 el Tribunal dictó una *Sentencia* en rebeldía mediante la cual concluyó que el Peticionario despidió injustificadamente a la señora Carrión Rodríguez. En virtud de ello, ordenó al Colegio el pago de $78,711.40, más una partida adicional de $15,742.28 por concepto de honorarios de abogado.

Inconforme con lo anteriormente resuelto, el Peticionario acudió ante este Tribunal de Apelaciones mediante el recurso de epígrafe, en el que señaló la comisión del siguiente error:

> ERRÓ EL TPI AL DICTAR SENTENCIA EN CONTRA DEL COLEGIO DE LA SALLE OF BAYAMÓN, PUERTO RICO, INC. POR EL DESPIDO INJUSTIFICADO DE LA QUERELLANTE MEDIANTE LA MODALIDAD DE DESPIDO CONSTRUCTIVO AL NO PRESENTAR PRUEBA SUFICIENTE QUE ACTIVARA LA PRESUNCIÓN DE DESPIDO INJUSTIFICADO.

El 28 de agosto de 2025, presentó su "**Oposición a Recurso de Revisión Judicial**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

Sabido es que la Ley Núm. 2, *supra*, instituye un procedimiento sumario de adjudicación de pleitos laborales dirigidos a la rápida consideración y adjudicación de aquellas reclamaciones de empleados contra sus patronos relativos a salarios, beneficios y derechos laborales. De ahí que se le imponga una carga procesal más onerosa a la parte con mayores medios económicos, el patrono. Rivera v. Insular Wire Products Corp., 140 DPR 912, 924 (1996).

Así pues, el legislador implantó la política pública estatal de proteger el empleo y desalentar los despidos sin justa causa. A fin de lograr la consecución de dichos propósitos, el estatuto establece: (1) términos cortos para presentar la contestación de la querella o demanda; (2) criterios para conceder una sola prórroga para la contestación de la querella o demanda; (3) un mecanismo para diligenciar el emplazamiento del patrono; (4) el proceso para presentar defensas y objeciones; (5) límites a la utilización de los mecanismos de descubrimiento de prueba; (6) la aplicabilidad limitada de las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con el procedimiento sumario; (7) que ninguna de las partes pueda someter más de un interrogatorio o deposición, ni está autorizado a tomar una deposición a la otra parte después de haber sometido un interrogatorio ni viceversa, excepto cuando concurran circunstancias excepcionales; y (8) la obligación de los tribunales de emitir sentencia en rebeldía cuando el patrono incumple con el término para contestar la querella o demanda. 32 LPRA sec. 3120; *véase*, Vizcarrondo v. MVM, Inc. *et al.*, 174 DPR 921, 929 (2008).

Relativo a lo anterior, la Sección 4 del estatuto dispone que cuando el querellado no presente su contestación a la querella, el juicio se celebrará sin sujeción a calendario a instancias del querellante. 32 LPRA sec. 3121. Asimismo, se establece que cuando al acto del juicio "sólo comparece el querellante, el tribunal a instancias del querellante dictará sentencia contra el querellado concediendo el remedio solicitado". Íd. "Se

dispone, no obstante, que la parte afectada por la sentencia dictada en los casos mencionados en esta sección podrá acudir mediante auto de *certiorari* al Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días siguientes a la notificación de la sentencia **para que se revisen los procedimientos exclusivamente**." Íd. (énfasis suplido).

**B.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, establece que el tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte, de conformidad con la Regla 34.3 (b)(3) de dicho cuerpo reglamentario. Íd. "Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)." Íd. En detalle, la Regla 34.3 (b) (3) de Procedimiento Civil dispone lo siguiente:

> (b) Otras consecuencias. Si una parte o un funcionario o agente administrador de una parte, o una persona designada para testificar a su nombre según disponen las Reglas 27.6 ó 28, deja de cumplir una orden para llevar a cabo o permitir el descubrimiento de prueba, incluyendo una orden bajo las Reglas 32 y 34.2, el tribunal podrá dictar, con relación a la negativa, todas aquellas órdenes que sean justas; entre ellas las siguientes:
>
> […]
>
> (3) Una orden para eliminar alegaciones o parte de ellas, o para suspender todos los procedimientos posteriores hasta que la orden sea acatada, para desestimar el pleito o procedimiento, o cualquier parte de ellos, o para dictar una sentencia en rebeldía contra la parte que incumpla. 32 LPRA Ap. V, R. 34.3 (b) (3).

Asimismo, existen otras disposiciones en las Reglas de Procedimiento Civil que permiten a los tribunales desestimar causas de acción debido al incumplimiento de las partes con sus órdenes. Específicamente, la Regla 39.2 (a) y (b) de Procedimiento Civil establecen lo siguiente:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término,

haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá decretar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.

(b) El tribunal ordenará la desestimación y el archivo de todos los asuntos civiles pendientes en los cuales no se haya efectuado trámite alguno por cualquiera de las partes durante los últimos seis meses, a menos que tal inactividad se le justifique oportunamente. Mociones sobre suspensión o transferencia de vista o de prórroga no serán consideradas como un trámite a los fines de esta regla. El tribunal dictará una orden en todos dichos asuntos, la cual se notificará a las partes y al abogado o abogada, requiriéndoles dentro del término de diez (10) días desde que el Secretario o Secretaria les notifique, que expongan por escrito las razones por las cuales no deban desestimarse y archivarse los mismos. 32 LPRA Ap. V, R.39. 2 (a) y (b).

Ahora bien, nuestro Tribunal Supremo ha determinado que, previo a la desestimación de la demanda o la eliminación de las alegaciones, se debe notificar y apercibir directamente al abogado de la parte que ha incumplido con una orden del tribunal para darle la oportunidad de corregir el incumplimiento. HRS Erase v. CMT, 205 DPR 689, 707-708 (2020). De este no responder o cumplir con el primer aviso del tribunal, las reglas autorizan la imposición de sanciones al representante legal de la parte y, de persistir el incumplimiento, se deberá apercibir a la parte de los incumplimientos de su representación legal y de las consecuencias de dichos incumplimientos. Íd., pág. 709. **Dicho de otro modo, las sanciones drásticas de la desestimación o la eliminación de las alegaciones no proceden "hasta tanto se le aperciba directamente a la parte sobre los incumplimientos de su representación legal y de sus consecuencias"** HRS Erase v. CMT, *supra*, pág. 701. Lo anterior responde a la política pública de nuestro ordenamiento jurídico a favorecer que los casos se

ventilen en sus méritos. Íd. Así pues, la notificación a la parte se constituye como:

> [U]n componente medular de la administración de la justicia, pues "brinda a las partes la oportunidad de advenir en conocimiento real de la determinación tomada, a la vez que otorga a las personas cuyos derechos pudieran verse transgredidos una mayor oportunidad de determinar si ejercen o no los remedios que le han sido concedidos por ley". Íd. (citando a Asoc. Vec. Altamesa Este v. Mun. San Juan, 140 DPR 24, 34 (1996)).

Siendo así, el Tribunal Supremo ha expresado que los tribunales tienen discreción para desestimar pleitos o eliminar alegaciones al amparo de las Reglas de Procedimiento Civil, no obstante, dicha determinación debe ser una juiciosa y apropiada. Mejías Montalvo *et al*. v. Carrasquillo *et al*., 185 DPR 288, 298 (2012). Ello es así ya que la desestimación del pleito como sanción final "debe prevalecer únicamente en situaciones extremas […] y *después que otras sanciones hayan probado ser ineficaces en el orden de administrar justicia y, en todo caso, no debería procederse a ella sin un previo apercibimiento*". Mun. de Arecibo v. Almac. Yakima, 154 DPR 217, 222 (2001). De la parte no corregir la situación conociendo las consecuencias de ello, entonces el tribunal podrá ordenar la desestimación o eliminación de alegaciones, según entienda procedente.

**III.**

En el presente caso, el Peticionario nos solicitó la revocación de la *Sentencia* del TPI en la que se determinó que la señora Carrión Rodríguez fue despedida injustificada y discriminatoriamente.

Como único señalamiento de error esgrimido, el Colegio aduce que el foro *a quo* erró al dictar *Sentencia* en su contra sin que la prueba presentada resultara suficiente para activar la presunción de despido injustificado. Veamos.

Del expediente ante nuestra consideración se desprende que el 22 de junio de 2023 la señora Carrión Rodríguez presentó una "**Querella**" sobre despido injustificado en contra del Colegio y TBCS. Tras múltiples incidencias procesales, incluyendo la desestimación de las causas de acción presentadas en contra de TBCS, el TPI señaló la *Conferencia con*

*Antelación a Juicio* para el 2 de abril de 2025. El Colegio no compareció a dicho señalamiento, razón por la cual el foro de instancia le impuso una sanción económica de $200.00 y reseñaló la aludida vista. Surge de los electrónicos del TPI que la referida sanción no fue satisfecha por el representante legal del Colegio.

Ante ese incumplimiento, el 1 de mayo de 2025, la señora Carrión Rodríguez solicitó que se le anotara la rebeldía. Poco después, informó además que el Colegio incumplió con la obligación de presentar el informe correspondiente. Llegado el día del reseñalamiento de la *Conferencia con Antelación a Juicio*, nuevamente el Colegio no compareció ni el licenciado Aguilera Bobea, lo que motivó al Tribunal a anotarle la rebeldía y eliminar sus alegaciones. Posteriormente, el 9 de julio de 2025, se llevó a cabo el juicio en su fondo, en el que sólo declaró la señora Carrión Rodríguez, mientras el Peticionario volvió a ausentarse. Finalmente, el 8 de agosto de 2025, el TPI dictó *Sentencia* determinando que el Colegio despidió injustificadamente a la señora Carrión Rodríguez y condenó al Peticionario al pago de $78,711.40 más $15,742.28 por concepto de honorarios de abogado.

La representación legal del Colegio sostiene que no recibió oportunamente las notificaciones de las vistas debido a un error en el sistema de correo electrónico que envió los avisos a la carpeta de *spam,* lo que le impidió conocer los señalamientos a tiempo. Igualmente, alega que al momento en que advino en conocimiento del señalamiento del juicio en su fondo atravesaba una situación de salud adversa que le impidió comparecer. Además, argumenta que el foro de instancia incidió en su apreciación de la prueba al concluir que se acreditaron los elementos de un despido constructivo, pues los hechos considerados estaban separados por aproximadamente siete (7) años y no se estableció la edad, cualificaciones ni experiencia del maestro contratado para el puesto de director atlético.

Tras un análisis detallado del expediente bajo nuestra consideración, incluyendo la "**Querella**", la *Solicitud de Rebeldía*, la

*Sentencia* aquí recurrida y los autos electrónicos del Sistema Unificado de Manejo y Administración de Casos (SUMAC) ante el foro recurrido, hemos arribado a la conclusión de que no procedía la anotación de rebeldía del Colegio y dictar *Sentencia* de conformidad. Nos explicamos.

Al Peticionario se le anotó la rebeldía y se le eliminaron sus alegaciones luego de que éste no compareciera, por segunda ocasión, al señalamiento de *Conferencia con Antelación a Juicio*. **Los autos de SUMAC reflejan que antes de la anotación de la rebeldía y la eliminación de las alegaciones, el juzgador de instancia sancionó económicamente al representante legal del Colegio únicamente**. <u>No se desprende del expediente electrónico que se hubiera notificado a la parte directamente sobre la conducta desplegada por parte de su representante legal</u>. De la *Minuta* de los procedimientos celebrados durante el segundo señalamiento de la *Conferencia con Antelación al Juicio* del 8 de mayo de 2025, no surge que el Tribunal hubiera emitido una orden o providencia dirigida al Colegio directamente en la que le advirtiera sobre las consecuencias de que el licenciado Aguilera Bobea continuara ausentándose a los señalamientos de vista que les fueron notificados al licenciado Aguilera Bobea.

**Al contrario, notamos que, ante la segunda incomparecencia del referido togado al segundo señalamiento de *Conferencia con Antelación a Juicio*, el Tribunal le impuso las severas sanciones de anotarle la rebeldía al Peticionario y eliminar sus alegaciones sin cumplir con notificarle al Colegio sobre los efectos que pudiera tener una tercera incomparecencia de su representante legal a los procedimientos**. Lo anterior choca con nuestra política pública que favorece la ventilación de los casos en sus méritos. Previo a imponer las referidas sanciones, el foro *a quo* debió haber emitido una orden de conformidad con las Reglas 39.2 y 34.3 de Procedimiento Civil, *supra*, dirigida al Peticionario directamente, informándole sobre el incumplimiento de su representación legal y las implicaciones que conllevaría la anotación de la rebeldía y la eliminación de las alegaciones, tal como requiere nuestro

ordenamiento jurídico. De esta manera, se le brindaba a la parte la oportunidad de remediar cualquier incumplimiento o negligencia proveniente de su representación legal y a su vez, se evitaba la imposición de castigos rigurosos sin ésta estar al tanto de ello. Resolver lo contrario, implicaría vulnerar el derecho de una parte a defenderse y a que su caso se ventile en sus méritos, según lo dictamina nuestro marco jurídico.

En vista de lo anterior, y dado al hecho indiscutible de que por virtud de la Sección 4 de la Ley Núm. 2, *supra*, venimos compelidos a evaluar los procedimientos celebrados ante el foro *a quo*, somos de la opinión de que erró el foro de instancia al anotarle la rebeldía y eliminar las alegaciones del Peticionario sin antes haber notificado a este último directamente sobre los incumplimientos de su representación legal y de sus incomparecencias a los señalamientos de vistas.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *expide* el auto de *certiorari*, se *revoca* la *Sentencia* recurrida y se devuelve el caso ante el TPI para la continuación de los procedimientos consistentes con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones